## JACOBS v. STATE.

### 4 Div. 648.

Court of Appeals of Alabama.
Jan. 13, 1931.

Rehearing Denied Feb. 24, 1931.

J. C. Fleming, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The undisputed evidence in this case was to the effect that the searching officers located a whisky still of two or three hundred gallons' capacity in full operation with whisky running therefrom into a container, and that this appellant was in a field near by pulling corn; that he took his corn sack from his shoulder and went to the still, while the officers were secreted in close proximity watching the still. Upon the trial appellant testified he had no interest in the still and was not operating it. He stated he was pulling corn near by in his field, about fifty

yards away, and happened to see the smoke at the still and slipped off his sack and went down there to see what had happened. He was arrested at the still, and the arresting officers testified they saw him come down to the still and mended up the fire and sat down and picked up a bucket into which whisky was running at the time; and that he either drank whisky from the bucket or smelled it. Officer Moody, a state witness, testified: "Yes, the defendant (appellant) is the man I saw come down the hill to the still. He came down there and looked around and took his foot and pushed the fire up under the still and pushed and worked with the fire a little bit, then he walked around to the place where the whisky was running out and took a thing that he had to catch it in; he worked there where the whisky was coming out and directly started off and Mr. Bray cut him off and arrested him." Appellant denied that he did any of the things testified 'to by the state officers. The conflict in the evidence made a jury question.

The first proposition of appellant on this appeal is: "An indictment which does not show in its caption or in its body, the State, County, and Court wherein the same is found or returned, is a nullity and will not support an appeal." There is no merit in this insistence. There is nothing in this record to show that the statutory requirements as to the caption of indictments has not been complied with. Section 4526, Code 1923. The caption of an indictment contemplated under section 4526 of the Code 1923 is that entry of record showing when and where the court is held, who presided as judge, the venire, and who were summoned and sworn as grand jurors; all this to be shown by the minutes of the court, and this caption is applicable to or is a part of every indictment preferred at such term of the court and need not be again repeated in any part of the indictment. Overton v. State, 60 Ala. 73; Elmer Maloy v. State, ante, p. 123, 130 So. 902.

We are not authorized to assume that the minutes of the lower court failed in respect to the statutory requirements, and where error is urged the duty devolves upon appellant to sustain such insistence and in this matter there is nothing before this court to this end.

The remaining proposition of appellant relates to the action of the court in declining to withdraw the case from the jury and declare a mistrial on account of improper argument of the solicitor to the jury. In this matter the court ruled with the defendant, sustained the objection interposed to the argument, and excluded it from the jury. This action of the court cured such

injury, if any, as may have resulted from the objectionable argument and, having done so, very properly overruled defendant's motion to withdraw the case from the jury and declare a mistrial.

We find no error of a prejudicial nature in any ruling of the court. The record is regular and without error. We are of the opinion that the accused was accorded a fair and impartial trial and that the evidence adduced was ample to support the judgment of conviction from which this appeal was taken.

Affirmed.