(132 So. 180)

## HOLT v. STATE.

### 4 Div. 696.

Court of Appeals of Alabama.
Jan. 20, 1931.

J. C. Fleming, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**BRICKEN, P. J.**

There is no bill of exceptions in this case, the appeal is predicated upon the record proper, and counsel for appellant presents two propositions, insisting upon a reversal on each point of decision thus presented.

In the lower court appellant was convicted for the offense of violating the state prohibition law. The trial was had upon an indictment preferred by the grand jury.

It is first insisted that "the conviction in this case should not be sustained and the judgment of conviction should be reversed because the indictment does not show in what county or in what court said indictment was returned and is therefore defective." The effect of this insistence is that the indictment as it appears in the records does not show a proper caption.

There is no merit in this insistence. The caption of an indictment contemplated under section 4526 of the Code 1923 is that entry of record showing when and where the court is held, who presided as judge, the venire, and who were summoned and sworn as grand jurors—all this to be shown by the minutes of the court—and this caption is applicable to or is a part of every indictment preferred at such term of the court and need not be again repeated in any part of the indictment. John McGee v. State (Ala. App.) 131 So. 248, 249; [1] Elmer Maloy v. State (Ala. App.) 130 So. 902; [2] Overton v. State, 60 Ala. 73. As stated in the McGee Case, supra: "We are not authorized to assume that the minutes of the lower court failed in respect to the statutory requirements, and, where error is urged, the duty devolves upon appellant to sustain such insistence, and in this matter there is nothing before this court to this end."

The second insistence of appellant is as follows: "2. The Court erred in overruling the demurrers to the indictment, said demurrers appearing at record pages five and six, because when a statute has been amended making the act which was formerly a misdemeanor a felony, it should appear that the act was committed either before or after the change in the statute so that the Court will be advised as to whether or not the same charges a misdemeanor or a felony, and this proposition was properly raised by demurrers and the demurrers should have been sustained to both counts of the indictment."

The foregoing insistence is equally without merit and cannot be sustained. The indictment follows the form laid down in the Code 1923, § 4556 (Form 101), and is therefore sufficient. By no stretch of imagination can it be said that an attempt to charge a felony was made in this indictment. The statute approved September 6, 1927 (Laws 1927, p. 704), to which reference is made, makes it a felony for any person within the state to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession, or transportation of which was prohibited by law at the time of the passage and approval of said act. An indictment framed under said act must specifically aver that the accused did transport such liquors in this state in quantities of five gallons or more, in order to charge the felony as therein pro-

[1] Ante, p. 124.  [2] Ante, p. 123.

vided. Cleveland Jarnigan v. State, ante, p. 153, 132 So. 48.

The record is regular and without error; therefore the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

