18 So.2d 285

## LEACH v. STATE.

### 6 Div. 19.

Court of Appeals of Alabama.

March 28, 1944.

Rehearing Denied April 18, 1944.

Arthur Fite and T. K. Selman, both of Jasper, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

While the courts cannot condone the acts proven against the defendant in this case, there are recognized principles which, we think, come to his rescue to effect a reversal of the judgment of conviction.

The defendant was tried for assaulting a deputy sheriff who had placed him under arrest for drunkenness. The conviction was for assault with intent to murder, with imprisonment in the penitentiary for five years.

On their voir dire examination and at the request of defendant, the jurors were examined and qualified as to whether or not any of them were serving or had previously served as a deputy sheriff, constable, policeman or other law enforcement officer. Two of the veniremen answered in the affirmative and were duly stricken from the list by the defendant. One juror, later accepted on the panel, did not answer and failed to disclose that he had previously served as a deputy sheriff of the county for about fifteen years. This fact was unknown to either the defendant or his counsel until after the trial, and, of consequence, defendant was denied the privilege of and failed in striking said juror from the panel selected to try the case, as he would have done had the juror disclosed his former official relations. Whether such concealment was deliberate or unintentional, on the part of the juror, need not be considered, insofar as the resultant prejudice to defendant be concerned. Hayne New Trial & Appeal, Vol. 1, Section 45, p. 144.

Defendant urged the foregoing as prejudicial error in his motion for a new trial and renews the argument here. We think it well taken.

Our statute prescribes: "In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict." Code 1940, Title 30, Section 52. One of the manifest purposes of this provision is that a party may become informed of the qualifications of the jurors that he may exercise advisedly his peremptory challenges (strikes). In the present instance he was denied this right.

Another principle equally sacrosanct is that every juror must stand indifferent to the verdict. "Impartiality, freedom from bias or prejudice, capacity without fear, favor, or .affection, a true deliverance to make between the accused and the State, the law demands as the qualification of a juror * * *. It is not only such (family) relationship, but temporary relations, formed in the course of business, or in the intercourse of life, which may disqualify, whenever they may import a just belief of a want of impartiality—that a juror can not stand indifferent, either from interest, or from the

favor springing out of the relation." Brazleton v. State, 66 Ala. 96.

If these legal stipulations, to an accused, are to be more than the mumbling of a meaningless shibboleth, they should here have play to effect a reversal of the cause, to the end that this defendant receive the benefit of the privilege sought to be guaranteed.

There is sustaining authority elsewhere.

"Where the party has examined the jurors concerning their qualifications, and they do not answer truly, it is manifest that he is deprived of his right of challenge for cause, and is deceived into foregoing his right of peremptory challenge. * * * And accordingly, in most States the fact that a juror answered falsely as to his qualifications is a recognized ground for a new trial" (Hayne on New Trial & Appeal, p. 143, Section 45)—we would say, of course, where there was probable prejudice to the defendant by such juror's conduct. See also People v. Galloway, 202 Cal. 81, 259 P. 332; Williams v. Bridges, 140 Cal.App. 537, 35 P.2d 407; Hyman v. Eames, C.C., 41 F. 676; Ippolito v. United States, 6 Cir., 108 F.2d 668.

It would, it seems to us, be the rankest casuistry to contend that there was no probable injury to defendant by the concealment of the juror, aforesaid. It is but natural that such a juror, as a general proposition, who had been engaged in the same business, had arrested persons guilty of similar misconduct, and had probably been subjected to like attempted assaults, as the victim here, would stand less indifferent than a layman, free from the tug of such former professional influences.

■ Here is no scope for the operation of Rule 45, to the effect that the burden is upon appellant to show injury. The test here is not was the defendant thereby injuriously prejudiced, but that he might have been. Roan v. State, 225 Ala. 428, 435, 143 So. 454; Arrington v. State, 23 Ala.App. 201, 123 So. 99; Kabase v. State, 244 Ala. 182, 12 So.2d 766.

We think and hold that a new trial should have been awarded for this error.

■■ A reversal is also due for the erroneous instruction in that part of the court's oral charge relating to the defense of drunkenness. Although the question of guilt—vel non—of any offense was for the jury, the evidence rather preponderated in favor of the conclusion that defendant, while under arrest, made an unjustifiable assault upon the officer. So, practically his sole defense was that, if he did so, he should not be convicted of the felony, because, at the time of the assault, he was so under the influence of drink as to be incapable of entertaining the specific intent inherent in the crime of assault with intent to murder.

The law recognizes this, when satisfactorily proven, as a defense to the felony. Robert Walker v. State, Ala.App., 17 So. 2d 428;[1] Mooney v. State, 33 Ala. 419; King v. State, 90 Ala. 612, 616, 8 So. 856. And, when so established, it is due to be regarded by the jury with that same seriousness and consideration as any other defense which an accused might proffer in justification or exoneration.

There was clear error, therefore, when the learned trial court, with respect to this defense, instructed the jury: "Gentlemen, I give you this instruction with caution, and I want you to accompany this instruction with a caution to you to apply that law to this cause with caution," etc. To so charge the jury was calculated to disparage this defense and to weaken the force of the evidence proffered to sustain it. People v. Galloway, 202 Cal. 81, 259 P. 332, 337; Spencer v. State, 50 Ala. 124, 125; Pate v. State, 94 Ala. 14, 10 So. 665; Johnson v. State, 24 Ala.App. 291, 135 So. 592, certiorari denied 223 Ala. 332, 135 So. 592; State v. Danelly, 116 S.C. 113, 107 S.E. 149, 14 A.L.R. page 1426, note.

"Whenever the jury are authorized to reach a given conclusion at all, it is a clear invasion of their right in that connection to charge that they must lean away from that conclusion, must be reluctant to arrive at it." Domingus v. State, 94 Ala. 9, 13, 11 So. 190, 192.

■ There is no merit in the other insistence, that the indictment is defective in not containing a proper caption. The following authorities are conclusive to the contrary. Code 1940, Title 15, Section 229; Holt v. State, 24 Ala.App. 181(3), 132 So. 180; Jacobs v. State, 24 Ala.App. 195(4), 132 So. 868.

For the errors noted, it is our conclusion that the judgment must be reversed.

Reversed and remanded.

---

[1] Ante, p. 345.

## On Rehearing.

PER CURIAM.

Learned counsel representing the State belatedly seeks to sustain the trial court's "caution" instruction noted above by citing certain authorities from other jurisdictions. Although the argument is still unconvincing that we should abandon the clear rule of our decisions (Spencer v. State, 50 Ala. 124, 125; Pate v. State, 94 Ala. 14, 10 So. 665; Johnson v. State, 24 Ala. App. 291, 135 So. 592, Certiorari denied 223 Ala. 332, 135 So. 592; Domingus v. State, 94 Ala. 9, 13, 11 So. 190), this brief response is due.

The cited text in 22 C.J.S., Criminal Law, § 68, p. 133, "that great caution· is necessary in the application of this doctrine", is also found in 16 C.J., p. 108, and was originally carried by this annotator in 21 Cyc., p. 672. Basis for this text appears in Note 68 of Cyc., citing some early decisions mostly from California. We have not taken time to investigate the others (some of which do not support the text) to ascertain whether or not the rule is still adhered to in those jurisdictions, but our study reveals that California has since denounced, as improper, instructions of this character. Noteworthy is People v. Galloway, 202 Cal. 81, 259 P. 332, 337, cited in our original opinion. In condemning the action of the trial court in admonishing the jury to consider the defense of drunkenness with "great caution", that court observed: "In the case at bar the actual intoxication of the defendant seems practically certain and up to and within an hour of the time of the tragedy is practically conceded. It rests not upon the testimony of the defendant alone, but upon the testimony of disinterested witnesses. This, too, [as here, we interpolate] was practically his sole claim for a reduction of the degree of crime. The above instruction therefore should not have been given."

An Indiana case (by the way, cited in said Note 68 of Cyc.) is expressive of our view: "It is sufficient to say that, as at present constituted, the court does not regard with favor any statements by the trial court which are designed to cast discredit or suspicion upon any defense which is recognized by the law as legitimate, and which an accused person is making in apparent good faith. In this respect, we are unable to appreciate any well-grounded distinction between the defense of insanity [there allegedly caused by excessive drinking], self defense or alibi." (Our interp.) Aszman v. State of Indiana, 123 Ind. 347, 24 N.E. 123, 127, 8 L.R.A. 38. The able Chief Justice delivering that opinion then points out that, although in some jurisdictions where judges are permitted to comment upon the weight or value of the evidence it has been held proper to give such cautionary charges to the jury concerning these defenses, the rule does not apply in Indiana—nor, we say, in Alabama.

But, without further attempting to reconcile or distinguish decisions elsewhere, certain it is that we cannot affirm as correct the instruction here, in view of our own decisions. The rationale of the cited cases, and others of similar import, is that any legitimate defense is authorized and entitled to fair consideration by the jury, and no instruction of the court should be given to disparage it. To do so is "obviously unfair" to the accused and is invasive of his "constitutional" right (Spencer v. State, supra), and if the jury under the evidence is authorized to reach a given conclusion at all, it is error to caution them to "lean away from" or "be reluctant" to reach that conclusion. Domingus v. State, supra. True, these and the other listed cases were dealing with other defenses, but it would require superior legalistic legerdemain to effect a distinguishment between this and other legitimate defenses, meanwhile attempting to lay down a fundamental rule of general applicability. The legal as well as logical incongruity thereof is manifest.

We adhere to our original views.
Rehearing denied.