278 So.2d 225

**Jack McCALL**

**v.**

**STATE.**

**1 Div. 256.**

Court of Criminal Appeals of Alabama.

May 15, 1973.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

SCRUGGS, Circuit Judge.

The defendant was indicted by the February, 1971, session of the Mobile County

Grand Jury for the offense of robbery. On February 25, 1971, the defendant waived the reading of the indictment and pled not guilty. His trial was held on October 20, 1971, and the defendant was at that time convicted and sentenced to ten years in the penitentiary, pursuant to the verdict of the Jury. Notice of appeal was given, an attorney was appointed to represent the defendant on the appeal, and he was given a free transcript.

A Kayo Oil Company service station in Mobile was robbed on August 7, 1970. Mr. and Mrs. Jerry Martin, the attendant and his wife, arrived at the station around four o'clock that morning. While the attendant was working upon his records he heard his wife scream, looked through a fifteen foot wide front window, and saw the defendant near him on the outside approaching with a rifle. Therandell Moore and another approached the station at about the same time. Moore v. State, 49 Ala.App. 408, 272 So.2d 615. The outside and inside lights of the station were on. The defendant pointed the rifle at the Martins and told them not to move. Cigarettes exceeding three thousand dollars in value were kept in cases in the storeroom. Moore came inside the station and threw some of the cigarette cases through the front door and the other person outside was gathering them up. The defendant yelled to Moore, "Get the money," and Moore took eighteen one-dollar bills in United States currency from Mr. Martin's pants pocket.

Apparently during the entire encounter, the defendant was standing in the lighted area outside the large window with the rifle pointed toward the Martins, who each definitely identified the defendant.

The attendant then observed a police patrol car approaching, pushed Moore through the open door and whistled. Simultaneously, the defendant said, "Here comes the fuzz, let's go." The three robbers ran, Moore going in the opposite direction from the other two. The patrol car stopped momentarily directly in front of the station while the defendant was still running down the street. Mr. Moore ran a short distance, turned around, and started back toward the station and collided with Mr. Martin, who had gone outside the station. Mr. Martin held Moore, and Officer Seals immediately arrived in the patrol car and arrested Mr. Moore. The following occurred during Officer Seals' testimony:

Q  You advised Mr. Moore that he was under arrest?

A  Yes, sir.

Q  At that time did Mr. Moore say anything to you?

A  Yes, sir.

Q  What did he say?

MR. SEALE: We object, not in the presence or the hearing of the defendant.

THE COURT: Sustain the objection.

MR. DOYLE: Judge, anything that Mr. Moore would say at this time would come within the res gestae of the robbery taking place.

MR. SEALE: No, its all over.

MR. DOYLE: Judge, the man is running away from the station and the attendant's chasing him. The policeman sees him, he drives up, walks up to him and the man makes a statement.

MR. SEALE: I believe Mr. Doyle knows that that is not the law. Its not a part of the res gestae after the matter's over with.

THE COURT: You are asking him about what Moore said, is that your question?

MR. DOYLE: Yes, Your Honor. It would also be admissible under the spontaneous exclamation rule.

MR. SEALE: No, sir.

THE COURT: I am going to overrule your objection, Mr. Harry.

MR. SEALE: We respectfully reserve an exception. I'd like to be heard further on that.

THE COURT: If we are going into the law, I would want to exclude the Jury, Mr. Harry.

MR. SEALE: Well, . . .

THE COURT: But I'm not going to change my ruling.

MR. SEALE: You're not going to change it?

THE COURT: No.

MR. SEALE: All right.

THE COURT: Note your exception for the record.

MR. DOYLE: All right, sir, . . .

THE COURT: What's your answer now?

WITNESS: He stated that he wasn't going to jail, that he didn't have anything to do with it, that Jack McCall was the one with the gun and the one that did the robbery. Then me and him started fighting . . .

MR. DOYLE: He said that Jack McCall was the one that had the gun?

A  Yes, sir.

Officer Howell of the Pritchard Police Department testified that around 4:15 or 4:20 o'clock on the morning in question, he received a call about the robbery and proceeded toward the scene. Approximately eight blocks from the station, the officer intercepted a person who was running towards him. There was a scuffle over the officer's gun. The officer fired two unaimed shots, and the person staggered backwards and ran. He was unable to identify such person.

Officer Sells of the Pritchard Police Department arrested the defendant at his mother's home early on the morning of August 7, 1970. The defendant was in bed with a sheet over him and appeared to have been shot in the right arm which was bleeding, broken, and dangling.

The defense was an alibi. The defendant, as his sole witness, testified that, at the time the robbery took place, he was with his girl friend, that he had been with his girl friend all evening, their having attended a teen-age club, where a number of his friends were present, until midnight or 1:00 a. m. when they went home. He stated that he remained at her home until approximately 4:00 a. m.

According to his evidence, he did not know his girl friend's last name, but her first name was Delores and he thought that her last name was Williams. He had known her for three or four months. At the time of the trial, he thought that she lived in Philadelphia, but she had been in Mobile on the Friday before the trial and he swore that she told him that she would be present at his trial, but she did not appear. He testified that the whereabouts of Delores was unknown to him at the time of the trial. Apparently a subpoena returnable instanter had been issued for her, but she was not located.

The defendant further testified that when he was approximately two blocks from Delores' home, he was shot, without warning or provocation, by a person with whom he had previously argued over a minor injury received by the defendant while playing football. After being shot, he walked from two to five miles to his home. Upon arriving at home, he did not tell his mother about being shot, and his mother and step-father did not discover that he had been injured until about an hour before the officers arrived. His parents did not contact a physician for him.

During the closing argument by the Assistant District Attorney, the following occurred:

MR. DOYLE: He was in the back where the juke box was, all his friends he said that he saw there, saw him there with the girl the night of the robbery, the night that could take him way away from the Kayo filling station. All these friends saw him there that night, and he even talked to one of those friends and that friend asked him about the girl and he told that friend "I'm going to this girl's house with her; that's where I'm going." We don't have any of those friends here . . .

MR. SEALE: Now we object to his statement . . .

THE COURT: Sustain the objection.

MR. SEALE: . . . we "don't have any friends here" and move the Court to instruct the Jury to disregard that statement.

THE COURT: All right. Gentlemen of the Jury, you are to disregard that statement as part of the argument of the District Attorney. Let's go ahead Mr. Doyle.

The defendant raises two questions on appeal: First, he contends that the court erred in allowing Officer Seals to testify as to the statement of Mr. Moore. The defendant's second contention concerns the Assistant District Attorney's argument as to the absence of any of the defendant's friends at the trial.

I

■ The question here arising is whether the purported statement by Therandell Moore to Officer Seals was competent evidence within the res gestae rule. The application of the rule depends upon whether the circumstances are such as that it may with reasonable certainty be affirmed that the declarations were produced by and were instinctive of the occurrences to which they relate rather than to a retro-spective narration of them, and whether such declaration was contemporaneous with the main fact and so closely connected with it as to illustrate its character.

■ We hold that the exclamation of Mr. Moore was competent evidence within the res gestae rule and that the trial court properly overruled the defendant's objection thereto.. Kiel v. State, 236 Ala. 585, 184 So. 210; Nelson v. State, 130 Ala. 83, 30 So. 728; Burgess v. State, 18 Ala.App. 529, 92 So. 911.

II

■ As to the argument of the Assistant District Attorney to the jury pertaining to the absence of defendant's friends from the trial, the court immediately sustained the defendant's objection to such statement and granted the defendant's request that the jury be instructed to disregard the statement and immediately instructed the jury to disregard such argument. The argument, if improper, was corrected by the timely action of the court in sustaining the objection and excluding same from the consideration of the jury.

In Orr v. State, 40 Ala.App. 45, 111 So. 2d 627, the following appears:

At 23 C.J.S. Criminal Law § 1117, we find a syllabus which reads in part:

"Generally, timely corrective action by the court or offending counsel or by both is sufficient to cure the error resulting from improper conduct or remarks of counsel, unless such conduct or remarks are so prejudicial that they are obviously not cured, or unless the court's action is insufficient for such purpose. * * *"

According to Bricken, P. J., in Lowrey v. State, 21 Ala.App. 352, 108 So. 351, had the trial judge overruled the defendant's motion to exclude, we should have had a violation of due process. But does the principle of the Davis case, [Davis v. State, 259 Ala. 212, 66 So.2d 714] supra, extend to this kind of argument so

as to cure error or was the denial of the motion for a mistrial error because the improper argument was ineradicable?

In Jacobs v. State, 24 Ala.App. 195, 132 So. 868, the solicitor in argument asked why the defendant had not brought forth the committing magistrate as witness for him on his trial in the circuit court. The trial judge (on objection and motion to exclude) instructed the jury not to consider the argument. Denial of the defendant's motion for a mistrial was held not to be reversible error. See also dictum Oates v. State, 38 Ala. App. 158, 79 So.2d 61, resting the resolution of the question as one of reviewing the exercise of the trial judge's discretion.

We need not lean upon the error without injury doctrine (Code 1940, T. 15, § 389, last sentence) or upon the doctrine of the lack of probable substantial injury to defendant's rights (Supreme Court Rule 45, 261 Ala. xxxvii; Code 1940, Tit. 7 Appendix).

The dictum of Mr. Justice Lawson in Bryson v. State, 264 Ala. 111, 84 So.2d 785, 787, in discussing what the defendant claimed was a continuation of the solicitor's argument as to the defendant's failure to use a witness, reads pertinently:

" * * * Moreover, we are of the opinion that any injurious effect which the statement may have caused could have been eradicated by corrective action by the court, but the defendant did not request such action prior to making the motion to declare a mistrial."

Here Orr moved to exclude the remark, "Where is Mattie Campbell?" which the trial judge did after pointing out that the State had neglected to use what he considered sufficient opportunity to bring Mattie in as a rebuttal witness. The quoted dictum from the Bryson case, supra, would seem to apply here to the full extent of making the violation of due process become nonexistent or expunged because of the trial judge's curative direction to the jury. This comports with the holding in Jacobs v. State, supra.

Thus, our cases (while not permitting disparagement of alibi as a defense to the extent of implying that the burden of proof shifts) do not make the impropriety incurable. Hence, even though the question was omitted as a ground for a new trial, we could not have held the court below in error had the remark been cited in Orr's motion for new trial.

Any error in the remarks of the Assistant District Attorney was cured by the action of the trial court and no error arises from such matter. Jacobs v. State, 24 Ala.App. 195, 132 So. 868, certiorari denied, 222 Ala. 420, 132 So. 870.

We have searched the record and find no error in this cause.

The foregoing opinion was prepared by Edward N. Scruggs, Circuit Judge, temporarily on duty on the court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended, and was adopted by the court as its opinion.

The judgment below is hereby

Affirmed.

All the Judges concur.