The appellant was convicted of the possession of a pistol after having been convicted of a violent crime, in violation of § 13A-11-72, Code of Alabama (1975). He was sentenced to 15 years' imprisonment, pursuant to the Habitual Felony Offender Act.
The appellant argues that a juror failed to answer truthfully a question posed during voir dire, specifically, "Do you have an interest in the conviction or acquittal of the defendant?" He further alleges that the *Page 880 
juror failed to answer truthfully the question, "Does anyone know any reason why they shouldn't serve in this case?" The appellant bases this argument on his allegation that the juror in question was the mother of a girl whom the appellant had previously raped.
The record indicates that, after the trial court charged the jury as to the law in the case and the jury retired with the verdict forms and exhibits, the defense counsel made the following motion:
 "[DEFENSE COUNSEL]: Your Honor, if it please the Court, at this time I think I've got to put something in the record. It's been brought to my attention that the complaining witness in the rape case that my client pled guilty to is the mother is [sic] in fact one of the jurors here. Mrs. Hattie Caddell was apparently the State's prosecuting witness that originally signed the complaint against my client.
"THE COURT: In this case?
 "[DEFENSE COUNSEL]: Yes, sir. Not in this case; in a prior case. Was the prosecuting witness.
 "THE COURT: There's been some previous problems between the Defendant and the relative of a juror?
 "[DEFENSE COUNSEL]: Yes, sir. It was her daughter. And she was the State's prosecuting witness in that case. And we asked the jurors if they knew or had any reason why they shouldn't serve in this particular case, and I can't see a reason more vivid than being a prosecuting witness against a defendant in a prior case.
"THE COURT: All right, sir. Anything further?
"[DEFENSE COUNSEL]: No, sir.
"THE COURT: Do you want to say anything?
 "[PROSECUTOR]: I was not involved in the prosecution of that case. I understood that there was a lady on the panel that was the mother of the victim. I believe that was a guilty plea. And I don't believe she was ever a witness against this man. And I don't believe there was a question propounded to the panel by the defense as to whether or not anyone there knew him. I think the question was does anyone know of any reason why they shouldn't serve on this jury.
 "THE COURT: Okay. Have you said all you want to say now?
"[PROSECUTOR]: Yes, sir.
"THE COURT: Anything further?
"[DEFENSE COUNSEL]: No, sir.
 "THE COURT: I have no idea how long it will be but try to remain available when the jury comes back.
 "[DEFENSE COUNSEL]: Your Honor, we would move for a mistrial on those grounds.
"THE COURT: Okay; that's denied."
This issue was addressed by the Alabama Supreme Court in Exparte Ledbetter, 404 So.2d 731 (Ala. 1981):
 "Was the petitioner prejudiced by the juror's failure to respond? On that issue the test is whether the petitioner might have been, not whether he actually was prejudiced. Beauregard v. State, Ala.Cr.App., 372 So.2d 37 (1979), and cases cited therein.
 "In Leach v. State, 31 Ala. App. 390, 18 So.2d 285 (1904), the venire were qualified as to service as to law enforcement officers. Two answered affirmatively and were stricken. One failed to make this disclosure and was ultimately selected. That Court held it to have been error to refuse a new trial whether or not the concealment was deliberate or unintentional. The Court added:
 "Another principle equally sacrosanct is that every juror must stand indifferent to the verdict. Impartiality, freedom from bias or prejudice, capacity without fear, favor or affection, a true deliverance to make between the accused and the State, the law demands as the qualifications of a juror. . . .
" '. . . .
" '. . . .
 " 'It would, it seems to us, be the rankest casuistry to contend that there was no probable injury to defendant by the concealment of the juror, aforesaid. It is but natural that such a *Page 881 
juror, as a general proposition, who had been engaged in the same business, had arrested persons guilty of similar misconduct, and had probably been subjected to like attempted assaults, as the victim here, would stand less indifferent than a layman, free from the tug of such former professional influences.'
 "We are persuaded by the reasoning of that Court that this juror's failure to disclose the incident resulted in the probable injury to the petitioner. It is true, of course, that the shooting incident did not involve robbery, the offense petitioner was accused of committing. The nature of the shooting incident, however, with its potential for personal injury as well as property damage springing from the use of actual force, directed against him, nevertheless was activity which, as a general proposition, would have naturally caused a former deputy sheriff-juror to stand less indifferent to someone charged with a forceful crime than a layman, 'free from the tug of . . . former professional influences.' "
404 So.2d at 733-34.
In Warrick v. State, 460 So.2d 320, 325 (Ala.Cr.App. 1984), this court held, as prejudicial error, the failure of a prospective juror to respond when the venire was asked during voir dire examination whether anyone knew anything about the facts of the case. It was subsequently revealed that the prospective juror admittedly knew the facts of the homicide case and had worked with the brother-in-law of the victim. This court held:
 "In the case at bar, we feel confident that had Venireperson Williams made known her knowledge of the facts of the case about to be tried and her professional relationship with the brother-in-law of the deceased, she would have been either challenged for cause or 'struck' by the appellant. While our position may appear to be tantamount to second guessing what the defense counsel's actions would have been had he known of Williams's knowledge of the case, we cannot abide by a practice of allowing potential jurors to deprive defendants in criminal actions of the right to truthfully know jurors' biases and thus prevent defendants from properly utilizing their jury strikes and ultimately resulting in probable prejudice.
 "Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970), a leading case on voir dire examination, 'did not address the effect of an improper answer or failure to answer questions on voir dire which had they been answered properly would have disclosed a challenge for cause.' Burroughs Corporation v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala. 1982); Ex parte O'Leary, 438 So.2d 1372 (Ala. 1983). Freeman, supra, did, however, establish standards that a reviewing court should consider in scrutinizing a trial court's decision. Freeman, supra, stated:
 " 'We hold that the proper inquiry for the trial on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to this movant.'
 "We are of the opinion that in this case the lack of response by the prospective juror Williams resulted in probable prejudice to the appellant. Having studied the trial record and the transcript of the hearing on the motion for new trial we feel it is clear that there is more than a likelihood that the appellant was denied his right to an impartial jury."
In the present case, this juror, as a venire-member, was asked whether she might have an interest in the conviction or acquittal of the appellant and whether she might know of any reason that she should not serve in the case. As the mother of a girl that the appellant had admitted that he had raped, the juror should have responded. "Although the questions are not overly specific, they were specific enough, in our opinion, that the [juror] should have responded to them, under the doctrine of Ledbetter." Ex parte Poole,497 So.2d 537, 542 (Ala. 1986). It is also reasonable to assume that, had the defense counsel known of the juror's relation to the girl *Page 882 
whom the appellant had pleaded guilty to raping, defense counsel would have struck her from the jury. Warrick v.State, supra. This juror's failure to respond resulted in probable prejudice to the appellant. Cf. Hall v.State, 527 So.2d 1333, 1336 (Ala.Cr.App. 1986) (wherein although the defendant alleged that a juror was related to the victim, a hearing was held in which the juror testified that she was not aware of being related to the victim and the court noted that the appellant had never established that relationship).
REVERSED AND REMANDED.
All Judges concur.