BURKE, Judge.
Katrina Sylvan Porter was convicted of murder made capital because it was committed during the course of a burglary. See § 13A-5-40(a)(4), Ala.Code 1975. By agreement between Porter and the State, Porter was sentenced to life imprisonment without the possibility of parole. Porter filed a timely motion for a new trial on May 15, 2014. After a hearing, the trial court denied that motion.[1] This appeal follows.
*367 The resolution of this appeal stems from issues that arose during voir dire. Thus, a recitation of the facts underlying the offense is unnecessary. During voir dire, the State asked the following question:
“... [I]s there anyone here, yourself, have a close pérsonal friend or a relative who has either been arrested, charged or convicted of a crime — a serious crime?
“And by that, I mean — I don’t mean like a traffic ticket. We’ll land of start out around DUIs,, assaults and, you know, serious felony, theft, those kinds of things.
' “Either you, yourself — and, again, I’m going to reiterate. If there’s anything someone wants to talk about in the back and just feels like they would like to do it that way, we can also do that. So you can raise your hand and let me know that as well.
“Is there anyone here who either close friend, relative or yourself have been arrested or charged or convicted of a serious crime?”
(R. 65-66.)
Several of the potential jurors answered in the affirmative,, stating that they had friends or family members who had been convicted of various crimes. One juror stated that he had been convicted of driving under the influence of alcohol. However, prospective juror R.R., who ultimately served on the jury, remained silent.
In her motion for a new trial, Porter stated that, after her trial had concluded, she learned that juror R.R. had six felony charges that were pending at the time of her trial. In its order denying Porter’s motion, the trial court found that juror R.R. “had been arrested and charged with three cases of Giving False Information in the Sale of Scrap Metals, two cases of Receiving Stolen Property 2 and one case of Receiving Stolen Property 1. He was arrested and jailed on these charges on February 3, 2014 and, released from jail on bond on February 7, 2014. These cases were bound over .to the grand jury on February 26, 2014.” (C. 98-99.) Porter attached documentation to her motion indi-[1] eating the same.
Defense counsel attached an affidavit to Porter’s motion for a new trial in which he stated: “If I’d known that [juror R.R.], had six (6) pending felonies that had just Been waived to the grand jury I clearly would’ve inquired as to any offers made by the [district attorney]’s office at the District Court level and would’ve had serious problems with him serving as a juror at all since I know that a Defendant out on bond tries to do nothing to offend the State [to] cause their bonds to be revoked.” (C. 401.) At the hearing on Porter’s motion for new trial, defense counsel stated that, had they known about prospective juror *368 R.R.’s pending charges, “[w]e would have struck him' without a doubt. No defense attorney is going to keep that person on there who’s got 6 felonies over his head.” (R. 729-30.)
On appeal, Porter argues that the trial court abused its discretion in denying her motion for new trial. Specifically, Porter claims that the trial court’s order is in conflict with Ex parte Dobyne, 805 So.2d 763 (Ala.2001), and Ex parte Dixon, 55 So.3d 1257 (Ala.2010). We agree.
In Dobyne, the Alabama Supreme Court held:
“The proper standard for determining whether juror misconduct warrants a new'trial, as set out by this Court’s precedent, is whether the misconduct might have prejudiced, "not whether it actually did prejudice, the defendant. See Ex parte Stewart, 659 So.2d 122 (Ala.1993); Campbell v. Williams, 638 So.2d 804 (Ala.1994); Union Mortgage Co. v. Barlow, 595 So.2d 1335 (Ala.1992), cert. denied, 506 U.S. 906, 113 S.Ct. 301, 121 L.Ed.2d 224 (1992). The ‘might-have-been-prejudiced’ standard, of course, casts a ‘lighter’ burden on the defendant than the actual-prejudice standard. , ..See Tomlin v. State, [695 So.2d 157, 170 (Ala.Crim.App.1996)]. For a more recent detailed discussion of the burden of proof required to make a showing under the ‘might-have-been-prejudiced’ standard, see Ex parte Apicella, [809 So.2d 865, 871 (Ala.2001) ] (‘It is clear, then, that the question whether the jury’s decision might have been affected is answered not by a bare showing of juror misconduct, but rather by an examination of the cirpumstances particular to the case.’ (Emphasis original.)).
“It is true that the parties m a case are entitled to true and honest answers to their questions on voir dire, so that they may exercise their peremptory strikes wisely. See Fabianke v. Weaver, 527 So.2d 1253 (Ala.1988). However, not every failure to respond properly to questions propounded during voir dire ‘automatically entitles [the defendant] to a new trial or reversal of the cause on appeal.’ Freeman v. Hall, 286 Ala. 161, 166, 238 So.2d 330, 335 (1970); see also Dawson v. State, [710 So.2d 472,] 474 [(Ala.1997)]; and Reed v. State, [547 So.2d 596 (Ala.1989) ]. As stated previously, the proper standard to apply in determining whether a party is entitled to a new trial in this circumstance is “whether the defendant might have been prejudiced by a veniremember’s failure to make a proper response.’ Ex parte Stewart, 659 So.2d at 124. 'Further, the determination of whether a party might have been prejudiced, i.e., whether there was probable prejudice, is a matter within the trial court’s discretion. Eaton v. Horton, 565 So.2d 183 (Ala.1990); Land & Assocs., Inc. v. Simmons, 562 So.2d 140 (Ala.1989) (Houston, J., concurring specially).
“ ‘The determination of whether the complaining party was prejudiced by a juror’s failure to answer voir dire questions is a matter within the discretion of the trial court and will not be reversed unless the court has abused its discretion. Some of the factors that this Court has approved for using to determine whether there was probable prejudice include: “temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror’s inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.” ’
*369 “Union Mortgage Co. v. Barlow, 595 So.2d at 1342-43 (quoting Freeman v. Hall, supra (other citations omitted)).”
805 So.2d at 771-72 (footnote omitted). The Court went on in Dobyne to explain that
“[t]he form of prejudice that would entitle a party to relief for a juror’s nondisclosure or falsification in voir dire would be its effect, if any, to cause the party to forgo challenging the juror for cause or exercising a peremptory challenge to strike the juror. Ex parte Ledbetter, 404 So.2d 731 (Ala.1981); Warrick v. State, 460 So.2d 320 (Ala.Crim.App.1984); and Leach v. State, 31 Ala.App. 390, 18 So.2d 285 (1944). If the party establishes that the juror’s disclosure of the truth would have caused the party either to (successfully) challenge the juror for cause or to exercise a peremptory .challenge to strike the juror, then the party has made a prima facie showing of prejudice. Id. Such prejudice can be established by the obvious tendency of the true facts to bias the juror, as in Ledbetter, supra, or by direct testimony of trial counsel that the true facts would have prompted a challenge against the juror, as in State v. Freeman, 605 So.2d 1258 (Ala.Crim.App.1992).”
805 So.2d at 772-73.
In Ex parte Dixon, 55 So.3d 1257 (Ala.2010), the Alabama Supreme Court reaffirmed the principles set forth in Dobyne and held that a trial court exceeded its discretion by failing to grant a defendant’s motion for new trial. The facts underlying Dixon are nearly identical to the facts in the present case. As the Alabama Supreme Court explained:
“As to the dispositive issue in this case, Dixon contends that L.A., who served as a juror at his trial, failed to respond correctly to the following question asked during voir dire of the venire:
“ ‘Have you or a member of your immediate family ever been a .criminal defendant in a criminal case in either the district court or the circuit court in this county where [the district attorney or any of his assistants] prosecuted the ease?’
“L.A. did not respond to this question; however, criminal charges were pending against her at the time of Dixon’s trial. About two months before Dixon’s trial, L.A; had been twice charged by family members with a misdemeanor. The charges had been served on L.A., and she had posted an appearance bond in each case. About a week before Dixon’s trial, L.A.’s case had been continued by the trial court. At the time of Dixon’s trial, L.A. personally was engaged in discussing the disposition of the charges with the district attorney. Shortly after Dixon’s trial, L.A.’s case was placed in pretrial diversion status.”
Dixon, 55 So.3d at 1259.
In its analysis, the Court applied the factors set out in Dobyne, i.e., the temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror’s inadvertence or willfulness in falsifying or failing to answer, the failure; of the juror to recollect, and the materiality of the matter inquired about.
The Court found that, because the charges had been filed against L.A. only two months before Dixon’s trial, the matter was not temporally remote. The Court also found that the question' was not ambiguous and that it was “sufficiently definite to require an affirmative response from” the juror. Dixon, 55 So.3d at 1262. As to L.A.’s inadvertence or willfulness in failing to answer, the Court found L.A.’s explanations for her silence to be “wholly *370 inadequate.” Id. Finally, the Court found that the
“materiality of L.A.’s failure to respond to the question and the prejudice to Dixon are evidenced by the testimony of Dixon’s trial counsel and by the nature of the information not disclosed. Dixon’s trial counsel testified at the eviden-tiary hearing that, had he known of the pending charges, he would have challenged L.A. for cause or exercised one his peremptory challenges to remove her. The direct testimony of Dixon’s trial counsel is prima facie evidence of prejudice to Dixon.”
Id. at 1263.
In its brief on appeal, the State concedes that the first Dobyne factor — temporal remoteness — was met. However, the State claims that the prosecutor’s question, i.e., whether any prospective juror had “been arrested, charged dr convicted of a crime — a serious crime,” was potentially ambiguous. According to the State, “[t]he prosecutor inquired about ‘serious’ crimes and as this is a capital murder case, it’s unlikely that Juror R.R. considered his pending property charges as serious crimes.” (State’s brief, at 17.) The State further argues that there is no evidence to support the remaining Dobyne factors because juror R.R. failed to appear at the hearing on Porter’s motion for a new trial.[2]
However, this Court does not find the prosecutor’s question to be ambiguous, nor do we find juror R.R.’s silence to be inadvertent or otherwise justifiable. The entirety of the prosecutor’s question was as follows:
“[I]s there anyone here, yourself, have a close personal friend or a relative who has either been arrested, charged' or convicted of a crime — a serious crime?
“And by that, I mean — I don’t mean like a traffic ticket. We’ll kind of start out around DUIs, assaults and, you know, serious felony, theft, those kinds of things.”
(R. 66-66.) As noted, juror R.R. had been charged with theft-related offenses: first- and second-degree receiving stolen property. Each crime is codified in Chapter 8 of the Criminal Code entitled “Offenses Involving Theft.” Additionally, first-degree receiving stolen property is a Class B felony, which carries a penalty of 2 to 20 years’ imprisonment. See § 13A-8-17(b), and § 13A-6-6(a)(2), Ala.Code 1975. Thus, the State’s argument that juror R.R. would be unlikely to consider his charges to be serious or that he would otherwise be justified in not answering the prosecutor’s question is not well taken.
Similarly, the State’s argument that Porter failed to meet the remaining Dobyne factor due to juror R.R.’s failure to appear at the hearing is without merit. The remaining factor concerns the materiality of the issue inquired about. In Dixon, the Alabama Supreme Court held that the
“materiality of L.A.’s failure to respond to the question and the prejudice to Dixon are evidenced by the testimony of Dixon’s trial counsel and by the nature of the information not disclosed. Dixon’s trial counsel testified at the evidentiary hearing that, had he known of the pending charges, he would have challenged L.A. for cause or exercised one his peremptory challenges to remove her. The direct testimony of Dixon’s *371 trial counsel is prima facie evidence of prejudice to Dixon.”
55 So.3d at 1268.
The same is true in the present case. Defense counsel attached an affidavit to Porter’s motion for a new trial in which he stated that knowledge of juror R.R.’s arrest history would have prompted him to ask further questions and to seriously consider challenging him for cause or exercising a peremptory strike. Also, at the hearing on Porter’s motion for a new trial, defense counsel stated that he would have struck juror R.R. “without a doubt.” (R. 729.) The State presented no evidence to rebut that contention. Thus, Porter met each of the factors set out in Dobyne.
In its order denying Porter’s motion for a new trial, the trial court correctly noted that Juror R.R. hád yet to be convicted of the charges and that he was legally qualified to sit as a juror. The trial court went on to state:
“The issue, then, is whether [juror R.R.’s] non answer to the prosecutor’s question as to whether or not he had been ‘arrested, charged or convicted of a crime, a serious crime ... ’ might have prejudiced the defendant. It could be debated as to whether or not [Juror R.R.’s] non answer loas false as to the specific questions asked but the issue remains as to whether or not the defendant ‘might have been prejudiced’ by it.”
(C. 98) (emphasis added). However, two sentences before, the trial court made the following findings: juror R.R. “was arrested and jailed on these charges on February 3, 2014, and released from jail on bond on February 7, 2014. These cases were bound over to the grand jury on February 26, 2014.” (C. 98.) Thus, the falsity of juror R.R.’s nonanswer was not debatable.
The trial court went on to hold that Porter was probably not prejudiced by juror R.R.’s failure to truthfully respond to the State’s voir dire question. In support of its decision, the trial court stated:
“Had the [sic] either party questioned the prospective jurors more in depth as to criminal histories and experience with the system or had the issues in the case had any nexus to [juror R.R.’s] alleged criminal behavior or experience with the system then this Court would take another view. After thirty years’ experience in the system this Court would jump to the conclusion that [juror R.R.’s] pending criminal matters would have prejudiced him more against the prosecution; but, even if challenged by the prosecution this court would have the same ruling; based on the evidence before her, this Court is not persuaded that [juror R.R.’s] non answer prejudiced or might have prejudiced Porter in any way.”
(C. 98-99.) Thus, the trial court did not properly apply the Dobyne factors in its analysis of whether Porter might have been prejudiced by juror R.R.’s failure to truthfully answer questions about his arrest history. The Dobyne factors do not take into account the nexus, if any, of a prospective juror’s conduct to the issues in the case at bar, nor do they permit the trial court to conclude, without evidentiary support, that the prospective juror would be biased toward a particular side. Accordingly, the trial court based its decision on an erroneous conclusion of law.
We note that in Dixon, the Alabama Supreme Court stated the following when analyzing whether the juror’s failure to respond to voir dire questions was material:
“[T]he potential for juror bias is obvious under the present circumstances. As Judge Welch stated in his dissent to the Court of Criminal Appeals’ unpublished memorandum:
*372 “ ‘Certainly it would be a serious concern if a prospective juror was subject to the discretionary decisions of the district attorney. Human nature being what it is, it would have been natural for defense counsel to be suspicious about a juror who was beholden to the State, and to be reluctant to take the chance that the juror might be biased and wanting to curry favor with the State by voting to convict. Indeed, trial counsel testified that had L.A. been truthful he would have attempted to strike her for cause, and, failing that, he would have exercised a peremptory challenge and struck her from the venire.’
“55 So.3d at 1254. See also Tomlin, 695 So.2d at 175 (juror’s failure- to disclose pending charge of possession of cocaine warranted reversal of conviction).”
Because the trial court improperly applied the factors set out in Ex parte Dobyne and its progeny, we hold that it abused its discretion when it. denied Porter’s motion for a new trial. For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded with instructions that Porter.be granted a new trial.
We note that Porter raises additional arguments in her brief on appeal. However, our resolution of the issue discussed above pretermits discussion of her remaining arguments.
REVERSED , AND REMANDED WITH INSTRUCTIONS.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. The trial court pronounced sentence on April 17, 2014, and held a hearing on Porter’s motion for a new trial on June 3, 2014. However, the trial court did not issue its order purporting to deny the motion until June 20, 2014. This Court notified the trial court that, pursuant to Rule 24.4, Ala. R.Crim. P., Porter’s motion was denied by operation of law on June 16, 2014. On July 14, 2014, the trial court issued the following response:
*367 "In an effort to make the appeal of this case . more time efficient this court, pursuant to Banks v. State, 845 So.2d 9 (Ala.Ct.Crim. App.2002), would offer its order on the Motion for New Trial as an ‘affirmative statement’ on the issues raised in the .Motion for a New Trial. While that order, due to this Court’s error, has no legal significance on its own, it does inform the appellate courts of what action this court would take if the matter was remanded on the issues addressed in the Motion for New Trial. The affirmative statement is offered as a means of making efficient use of judicial resources and in reducing the length of time that Ms. Porter's appeal would take on its journey through the appellate courts.”
(C. 97.) Neither party requests that this Court remand the case for another hearing or to have the trial court draft a new order. ”[B]e-cause we have an affirmative statement by the trial court, there is no need to remand this cause to the trial court and bestow upon it the jurisdiction to hold a hearing or enter another order_” Banks, 845 So.2d at 19.

. At the hearing, defense counsel informed the court that it had subpoenaed R.R. to appear at the hearing. The trial court noted that the subpoena had been issued but it is unclear from the record whether R.R. was actually served with the subpoena.