IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 13, 2018 Session

## GEORGE A. STANHOPE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 14-CV-39      Joseph P. Binkley, Jr., Judge**

————————————————

**No. M2017-00599-CCA-R3-PC**

————————————————

THOMAS T. WOODALL, P.J., concurring.

I concur in the affirmance of the post-conviction court's judgment, but write separately to state my conclusion that trial counsels rendered deficient performance by failing to object to the prosecutor's inappropriate questioning during voir dire. The inappropriate questioning is set forth in the majority opinion and does not need to be repeated here. Obviously, it is impossible to determine some things from the record reflected only in the transcript. For instance, the appellate court is unable to ascertain the volume, inflection, and body language of the prosecutor during this rather unorthodox voir dire. Was the prosecutor waiving arms in order to instruct the entire venire to answer aloud at the same time? When the prosecutor informed the venire that the first two answers (by individual members of the venire) were wrong, what was the emphasis on the word "wrong?" What was utilized to successfully have the entire venire adopt the State's theory in an apparent rhythmic cadence during voir dire? Appellate judges cannot know the answers to these questions from a cold record. However, the answers are not necessary to conclude that the pertinent line of questioning was outside the bounds of proper voir dire. Pertinent to the legal issues involved in this post-conviction appeal is the fact that the prosecutor's questions had absolutely nothing to do with whether the potential jurors could perform their duty without regard to bias or prejudice. The questioning was a blatant closing argument with the added ability to interact by conversations with the potential jurors.

In his well respected treatise, Judge Ward has stated,

> The scope of the examination of the venire . . . is generally restricted to eliciting information concerning statutory qualifications and the ability of the prospective jurors to provide a fair and impartial trial

without regard to bias, interest, and prejudice. Inquiry may extend to a prospective juror's occupation, habits, acquaintances, associations and other factors, including experiences, which may indicate bias or freedom from bias. Inquiry may also be made as to the prospective juror's exposure to pre-trial publicity. It is improper for either party to seek to extract a pledge from the prospective jurors.

. . .

Hypothetical questions substantially outlining the proof to be introduced are improper as tending to exact a pledge from the juror. A party must object to improper voir dire questions. The grounds for the objection must be specific.

W. Mark Ward, *Tennessee Criminal Trial Practice* § 20:5, at 585-86 (2014-2015 ed.).

In *Smith v. State*, our supreme court held as follows:

A voir dire examination is for the purpose of advising counsel of the juror's qualification, interest, or bias, as a matter of fact, presupposing his statutory competence, that is, age, residency, etc. The subjacent purpose is to enable the exercise of one's peremptory challenges. *Leach v. State*, 31 Ala. App. 390, 18 So.2d 285. In this process, it has been held, and it seems to us fairly so, that proper fields of inquiry include the juror's occupation, habits, acquaintanceships, associations and other factors, including his experiences, which will indicate his freedom from bias. *People v. Pers*, 362 Ill. 298, 199 N.E. 812; *Watson v. City of Bozeman*, 117 Mont. 5, 156 P.2d 178; *United States v. Mesarosh*, D.C., 116 F.Supp. 345.

*Smith v. State*, 205 Tenn. 502, 327 S.W.2d 308, 318 (1959).

In the pertinent voir dire the prosecutor "educated" the potential jurors that **Petitioner** controlled the crime scene, controlled when the crime occurred, controlled who was present at the time the crime was committed, controlled the type of physical evidence left at the crime scene, and controlled "how much reasonable doubt's left at the crime scene."

The fact that all of this improper argument of evidence not yet presented at trial was followed up by a question of whether any member of the venire believed a defendant should be "rewarded" for "controlling the scene of the crime" does not nullify the

improper argument and coaching of the venire by the prosecutor. It was done in violation of *Smith* and Tennessee Rule of Criminal Procedure 24.

Tennessee Rule of Criminal Procedure 24 provides in part that only the initial remarks by counsel can include information about the general nature of the case, and this information must be non-argumentative. Tenn. R. Crim. P. 24(a)(2).

*Questioning* of potential jurors by counsel is limited to "questions for the purpose of discovering bases for challenge for cause and intelligently exercising peremptory challenges." *Id*. at (b)(1)

Trial counsels, or one of them, should have objected to the subject questioning by the prosecutor. Using the excuse that it was not "[his] call at this point" is not a trial strategy. Trial counsels rendered deficient performance by failing to object. However, based upon co-counsel's opening statement set forth in the majority opinion, and the fact that there is no evidence in the record that would support a conclusion that Petitioner had a jury that was not impartial, there is no proof of prejudice. Thus, Petitioner is not entitled to post-conviction relief based upon the ineffective assistance of counsel.


_____
THOMAS T. WOODALL, PRESIDING JUDGE