18 So.2d 284

### GRIFFITH v. STATE.

2 Div. 719.

Court of Appeals of Alabama.

May 16, 1944.

Edmund W. Pettus, of Selma, and C. L. Hybart, of Monroeville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

By statutory prescription, it is ground for challenge for cause by the defendant that a juror is connected by affinity within the fifth degree (computing according to the rules of the civil law), with the prosecutor or alleged injured party. Code 1940, Title 30, Section 55(4).

Pursuant to this section of our statute, the prospective jurors were qualified in this regard, for the purpose of ascertaining their relationship with the respective parties. It appears without dispute that one of the jurors, who was accepted on the jury which tried the case, was related by affinity to the alleged injured party within the fifth degree and upon his voir dire examination failed to respond to the inquiry propounded to him as to this relationship and did not make known the same to the court or to the defendant. It is further uncontroverted that this relationship of said juror was unknown to the defendant and his counsel.

This conduct of the juror necessarily resulted in depriving the defendant of a substantial statutory right and, in our view, demands a reversal of the judgment of conviction.

■ The State, on the hearing of the motion for new trial, sought to save the error by the testimony of the juror that he was ignorant of this relationship, but we are clear to the conclusion that this important statutory right should not be abrogated in any such fashion. To so rule would subject this legal safeguard— of good ground of challenge for cause—to countless post trial manipulations and open the jury panels to the unscrupulous who might as plausibly claim ignorance of relationship to the respective parties litigant as might the trustworthy. The defendant should not be held bound by any such post trial assertions of an inattentive or ignorant juror.

Our recent case of Leach v. State, 18 So.2d 285, pointed out that as a rule it is immaterial whether the concealment by the juror were deliberate or unintentional, the fact that a juror answered falsely is generally regarded as a recognized ground for a new trial. Hayne on New Trial & Appeal, Vol. 1, Sec. 45, p. 143-144.

■ The contention that Wilcox County was without jurisdiction is untenable. The alleged stolen property was transported through this county and this sufficed for venue. Code 1940, Title 15, Sec. 98; Milam v. State, 240 Ala. 314, 318, 198 So. 863.

The remaining insistences of error are without merit and, in our opinion, do not require separate treatment.

Reversed and remanded.