126 So.2d 91

Kenneth M. HAYES

v.

Luther BOYKIN.

6 Div. 494.

Supreme Court of Alabama.

July 14, 1960.

Rehearing Denied Jan. 26, 1961.

Mead & Norman and Marshall H. Fitzpatrick, Birmingham, for appellant.

Parsons, Wheeler & Rose, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment setting aside a jury verdict and granting to the appellee a new trial in his suit for damages against the appellant and one Vera B. McCoy. Boykin, a pedestrian, was injured as a result of a collision between the automobiles driven by Kenneth M. Hayes and Vera B. McCoy. There was but one count in his complaint charging negligence, and upon the trial of the cause the verdict was rendered in favor of Boykin and against the defendant, Vera B. McCoy, in a substantial amount. The jury found in favor of the defendant, Kenneth M. Hayes. Following the jury verdict, the judgment was rendered in favor of Boykin and against Vera B. McCoy in accordance with the jury verdict and in favor of defendant Hayes.

Thereafter, appellee filed a motion for a new trial as to the defendant Hayes, consisting of many grounds. The trial court expressly overruled all of the grounds contained in the motion for a new trial except ground 6. However, as to ground 6, the trial court concluded that it stated good cause for setting aside the judgment in favor of Hayes and accordingly granted to the plaintiff a new trial against the defendant Hayes. While, not here material, the trial court also granted a new trial to Vera B. McCoy.

Ground 6 of the appellee's motion for a new trial reads as follows:

"That there was irregularity in the trial of said cause which prevented the plaintiff from having a fair trial as to the defendant Kenneth M. Hayes, which irregularity consisted in this, namely: the twenty-four men drawn from the jury box for the selection of a jury in this case were questioned as to whether any of them were acquainted with Paul G. Parsons' partners, viz., Malcolm L. Wheeler or Edward L. Rose; that there was a juror who served on said case by the name of James Wendell Siniard who knew Malcolm L. Wheeler, one of the law partners of Paul G. Parsons, but who remained silent and failed or refused to reveal his acquaintance with Malcolm L. Wheeler; that the said James Wendell Siniard was one of the arresting officers of and prosecuting witnesses in a Birmingham Police Court case against one Charles Patrick, which defendant was represented at said trial by Malcolm L. Wheeler; that said trial became very heated and intense, the defendant Patrick being acquitted, and the said James Wendell Siniard being removed or relieved as a police-

man as result of his conduct in said case and at said trial."

It affirmatively appears that on the voir dire examination of the jurors the following questions were propounded:

"I would like to know if any of you gentlemen are closely acquainted with Mr. Parsons or Mr. Malcolm Wheeler, or Mr. Ed Rose of the firm of Parsons, Wheeler & Rose?

"No special acquaintance with any member of that firm?"

No juror responded in any manner to these questions.

After a hearing, the trial court in its order granting the new trial observed:

"It is quite evident * * * that the juror Siniard knew that he was under a duty to answer these questions as he did reply to some of them."

The affidavits show that the juror Siniard, formerly a police officer, had previously been involved in a controversy with a negro which led to, or resulted in, his discharge from the City of Birmingham as a police officer. This followed a trial in a charge against a negro by the name of Patrick, who was defended by Mr. Malcolm Wheeler, an attorney, and the same attorney referred to in questions asked all the jurors.

Appellant earnestly insists that the trial court in its application of the rule announced in Leach v. State, 31 Ala.App. 390, 18 So.2d 285, erred because, as appellant contends, the holding of the Leach case repeats and applies the principle, that, in order for the undisclosed information to warrant the granting of a new trial, its nature must be such that the withholding thereof by the juror resulted in probable prejudice or injury to the complaining party.

This reasoning was employed by Mr. Justice Lawson in his dissenting opinion in Birmingham Electric Co. v. Yoast, 256 Ala.

673, 57 So.2d 103, 30 A.L.R.2d 907. But the majority of the court in that case refused to disturb the ruling of the trial court wherein a new trial was granted because of the disqualification of a juror even though the plaintiff had recovered a money judgment and although the trial court had expressly refused to set aside the verdict on the grounds of the inadequacy of the damages.

In Beasley v. State, 39 Ala.App. 182, 96 So.2d 693, many of the authorities of this and other jurisdictions dealing with the disqualifications of jurors are analyzed. Judge Cates, in discussing the decision of Mr. Justice Lawson in Rosenbush Feed Co. v. Garrison, 251 Ala. 245, 37 So.2d 106, 109, quoted from that case as follows [39 Ala.App. 182, 96 So.2d 700]:

"If Mills had served on the jury which tried the case, the trial court's action in refusing to grant a new trial to defendants would require a reversal, for we are in accord with the opinions of the Court of Appeals hereafter cited, which hold that a new trial must be granted where a prospective juror did not answer correctly the material questions propounded by the court in qualifying the jury and where such juror was accepted on the jury which tried the case. A new trial must be granted under such circumstances irrespective of whether the concealment was deliberate or unintentional. Leach v. State, 31 Ala.App. 390, 18 So.2d 285; Griffith v. State, 31 Ala.App. 432, 18 So.2d 284. * * *"

Judge Cates concluded as follows:

"We find further dictum in the same vein in Parkinson v. Hudson, 265 Ala. 4, 88 So.2d 793. In view of these recent expressions of renewed confidence in Leach v. State, supra, we find reversible error in the denial of the motion for a new trial."

Then, too, this court, the Court of Appeals, in reviewing the action of the trial

court in the Leach case, supra, used the very plain and expressive language as follows [31 Ala.App. 390, 18 So.2d 287]:

"Here is no scope for the operation of Rule 45, to the effect that the burden is upon the appellant to show injury. The test here is not was the defendant thereby injuriously prejudiced, but that he might have been."

Appellant in a more direct manner advances the argument for reversal upon the theory that since the jury, including the juror Siniard, returned a verdict in favor of the plaintiff against one of the defendants in a very substantial amount, that this fact affirmatively shows that the plaintiff was not prejudiced at the trial of the cause, and that the juror Siniard could not have been biased against the plaintiff or his attorney. Here again the appellant would have us be governed by the results of the trial rather than to follow our pronouncement that our Code section (Code 1940, Title 30, Sec. 52) has the manifest purpose of the disclosure by every juror as to all material qualifications in order that the parties may exercise advisedly their peremptory challenges. Leach v. State, supra; Birmingham Electric Co. v. Yoast, supra.

In Brown v. Woolverton, 219 Ala. 112, 121 So. 404, 406, 64 A.L.R. 640, this court, speaking through the late Justice Foster, said:

"The important question presented and argued is whether or not the court erred in not sustaining appellant's challenge of the juror Drake on account of the facts set out above. 'At common law the grounds for challenge were classified under four heads, as follows: (1) propter honoris respectum; as, if a lord of Parliament be impaneled on a jury, he may be challenged by either party, or he may challenge himself; (2) propter defectum; as if a juryman be an alien born, this is defect of birth; (3) propter affectum, as for suspicion of bias or partiality—this may be either a principal challenge, or to the favor; (4) challenges propter delictum are for some misdemeanor or crime which affects the juror's credit and renders him infamous, as for conviction of treason, felony, perjury, or conspiracy. A challenge propter affectum is of two kinds: a challenge to the favor and for principal cause.' 16 R.C.L. 254. The common-law grounds as far as applicable to our system and not changed by statute remain for our guidance. Our statute has added certain grounds of challenge for cause, but they are not exclusive of the common law remaining unchanged. * * *"

In the instant case, the disqualification of the juror here involved was propter affectum,—as for suspicion of bias or partiality—and the trial court after the hearing on the motion for a new trial stated in its order:

"It is quite evident that had this information been disclosed to counsel of the plaintiff this juror would probably have been excused from the panel."

As stated, the trial court has found as a matter of fact after a hearing that had the juror Siniard responded to the question propounded, his response would have revealed the information to counsel for the plaintiff whereby he could have exercised advisedly his peremptory challenges, and thus availed himself of one of the manifest purposes of Sec. 52, Title 30, Code of Alabama 1940.

It is upon this principle that appellee claims there was no reversible error in the action of the trial court in granting the motion for a new trial, since his act in that respect, as applied here, was largely discretionary and should not be reversed on review unless it is arbitrary or otherwise clearly erroneous. Clendenon v. Yarbrough, 233 Ala. 269, 171 So. 277; Birmingham Electric Co. v. Yoast, supra.

We accept that view of the situation, and for that reason the judgment of the circuit court setting aside the verdict and granting a new trial is hereby affirmed.

Affirmed.

592

LAWSON, SIMPSON and MERRILL, JJ., concur.

LAWSON, Justice (concurring specially).

As an original proposition, I would dissent from the holding of the court in this case on the ground that the fact that the juror Siniard participated in a verdict for the plaintiff against the defendant McCoy, in the amount of $41,500, shows beyond peradventure that he entertained no ill feeling towards the plaintiff because he was represented by a firm of which Mr. Wheeler was a member.

However, I took a similar position in Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907, as expressed in my dissent in that case. The court took a contrary view and I see no occasion to perpetuate here my dissent in Birmingham Electric Co. v. Yoast, supra. I, therefore, concur in the affirmance of the judgment of the trial court here under review.

MERRILL, J., concurs in the above.