244 So.2d 603

**James Mattie HARRIS**

**v.**

**Melvina WHITEHEAD**

**6 Div. 53.**

Court of Civil Appeals of Alabama.

Feb. 10, 1971.

Bill Fite, Hamilton, for appellant.

' Walter Joe James, Jr., Haleyville, for appellee.

WRIGHT, Judge.

Suit was brought against James Mattie Harris by his sister, Melvina Whitehead, in the Circuit Court of Marion County, Alabama. The complaint was in two counts, alleging negligent and wanton conduct proximately causing personal injury and property damage to the plaintiff.

Demurrer to the complaint was overruled. Pleas of the general issue and contributory negligence with a plea in recoupment were filed by defendant-appellant. Verdict and judgment in the sum of $5000.00 was rendered against James M. Harris and he appealed.

The suit arose out of a collision between a pulpwood truck driven by appellant and an automobile driven by appellee. The collision took place on a road running from a public highway to the home of appellant. Appellant was going to his home and appellee was coming in the opposite direction. The road was ten to twelve feet wide and was heavily overgrown with trees and underbrush.

As appellant drove along the road, sitting in the high cab of the truck, he first saw appellee approaching in her car when she was some 100 yards away. He began

to slow his truck from 20 miles per hour and was nearly stopped at the time of the collision. He knew the difficulty of visibility and that two vehicles could not pass on the narrow road. The collision took place on a curve and was head-on between the two vehicles. Appellant's testimony was that he did not think to blow his horn between the time of first seeing appellee and the collision.

Appellee did not see or hear appellant's truck until the time of the collision. Appellant stated that appellee was traveling 40 miles per hour when he first saw her approaching.

Appellant has assigned numerous errors of the trial court. The first argued is the overruling of his demurrer to Count 2 of the complaint.

After alleging the location of the accident, Count 2 of the complaint appears as follows:

"And the Plaintiff alleges that the Defendant so wantonly operated his log truck vehicle at said time and place that he caused or allowed the log truck vehicle being operated by him to run into, upon, over or against the automobile the Plaintiff was operating at said time and place and as a proximate consequence of the wantonness of the Defendant the Plaintiff suffered the following injuries and damages. * * *"

■ It has long been held by the Supreme Court of this state that the charging of wanton misconduct in doing an act is not the legal equivalent of charging a wanton injury. Jones v. Keith, 223 Ala. 36, 134 So. 630; Southern Railway Co. v. Weatherlow, 153 Ala. 171, 44 So. 1019; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Alabama Power Co. v. Gooch, 221 Ala. 325, 128 So. 793.

■ The averments of Count 2 here come within the application of the rule as stated by the Court in Alabama Great Southern Railroad Co. v. Smith, 191 Ala. 643, 68 So. 56, as follows:

"The averments of the count only characterizes the act or omission, 'causing or permitting a collision,' as willful or wanton, and then describes the effect of the act or omission, which alone is characterized as having been done or suffered willfully or wantonly. This effect may have ensued, as doubtless it did, from the act or omission of the character the pleader avers, and yet the operative so charged may not have intended injury to the plaintiff, or may not have been consciously indifferent to the known consequences to probably flow from the act of omission. The injury is shown by the count to have been consequential only, not direct or immediate. It is not averred that, in causing or permitting the collision, the defendant's servant intended to overturn the car of coal on plaintiff or intended in any wise to injure plaintiff."

It is clear that Count 2 does not state a cause of action in trespass for a wanton injury under authority of the cited cases.

Ground 10 of the demurrer sufficiently called attention to the defect in Count 2 for the court's consideration, and we hold that the demurrer should have been sustained.

■ It is argued by appellee that even if the complaint was defective and the ruling on demurrer was error, that such error does not require reversal. This argument is founded upon the rule that even if there is a defect of averment in a complaint, and the trial court has erred in holding such pleading good, if there is evidence of the omitted matter and both parties try the case as if such allegations were made, the court instructs the jury that such matters must be proved and the parties have full opportunity to offer, and do offer all the evidence they wish on that issue, the court on appeal will not reverse for the erroneous ruling on the pleading. Simply stated, the rule means that if the defect in a complaint, pointed out by proper demurrer, is merely the omission of some material averment of matter in issue, and if after

overruling of demurrer, the case is tried as if such averment were present and all proof and instructions are given in accordance therewith, the overruling of the demurrer, though in error, will not be allowed to reverse the judgment. Turner v. Blanton, 277 Ala. 536, 173 So.2d 80. However, as with most rules, there is an exception to this rule. It does not apply if the complaint or count does not state a cause of action. It was therefore error to reversal to overrule appellant's demurrer thereto. It was further error to refuse to give at the request of appellant the written request for the affirmative charge as to Count 2 and to deny the motion for new trial.

■ There can be no justification for submitting to the jury oral or written charges pertaining to a cause of action not presented by the pleadings.

■ The fact that there was in the complaint a good count on negligence which was supported by the evidence does not excuse or cure the submission to the jury an entirely different cause of action not charged in the complaint. National Baking & Lunch Co. v. Wilson, 198 Ala. 90, 73 So. 436. Under such circumstances a jury may return a verdict including punitive damages on a complaint charging only negligence. For aught that appears such may have occurred in this case. This possibility would not be involved if the different counts were on the same cause of action and included only the same elements of damage.

Various other assignments of error as to refusal of requested charges are not necessary to be considered. We think they were sufficiently covered in the court's oral charge, and, even if correct statements of the law, would not require reversal of the case.

■ Though we have already determined that the case must be reversed for error, there is one other assignment charged which we will comment upon.

This was a matter raised on motion for new trial and involved the failure of a juror to answer a question on voir dire examination by counsel for appellant.

It appears from testimony taken on motion for new trial, counsel for appellant asked the venire if any of them knew the plaintiff. No one answered. At a recess in the trial one of the jurors approached the plaintiff and began a conversation by asking if plaintiff remembered her. This conversation developed that they had casually known one another some twenty years before and the juror had seen plaintiff from time to time where she worked. There was no evidence of more than this casual relationship.

Upon examination, the juror stated she did not answer counsel's question as to knowing the plantiff because she thought the meaning of the question was whether knowing the plaintiff would affect her consideration of the facts in the case. She stated the jury was unanimous in its decision in favor of plaintiff and differed initially only as to the amount of damage to be awarded. She stated she took no part in the discussion of the case but merely cast her vote as a member of the jury.

Appellant has argued in brief and oral argument that such an occurrence, in light of the decisions in recent cases of the Supreme Court and Court of Appeals of this state, required the lower court to set aside the verdict of the jury and grant a motion for new trial.

The cases referred to are Leach v. State, 31 Ala.App. 390, 18 So.2d 285; Hayes v. Boykin, 271 Ala. 588, 126 So.2d 91; Morris v. Zac Smith Stationery Co., 274 Ala. 467, 149 So.2d 810; Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247, and others. A study of the cited cases appears to support appellant's argument. However, the Supreme Court in the most recent case of Freeman v. Hall, 286 Ala. 161, 238 So.2d 330, in a per curiam opinion after remandment, clarified and explained its statement of the rule in Sanders v. Scarvey, supra.

The rule as stated in Sanders v. Scarvey, supra, is that the parties have a right to truthful answers propounded to the jury on voir dire and the failure of prospective jurors to respond to such questions, properly propounded, entitles a movant to a new trial.

In the original opinion in Freeman v. Hall, supra, this rule was reiterated and the case was remanded to the trial court for the taking of testimony as to whether certain jurors, who failed to respond to questions as to whether they or members of their family had ever been involved in lawsuits, withheld requested information. It was determined that such information was withheld by certain jurors and the matter was returned to the Supreme Court.

In its opinion after remandment the Supreme Court said:

."(9) Neither Sanders v. Scarvey, Leach, nor the original opinion in the instant case, is authority for the proposition that on voir dire *any* failure of *any* prospective juror to respond properly to *any* question *regardless of the excuse or circumstances* automatically entitles a party to a new trial or reversal of the cause on appeal.

"(10) We hold that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probably prejudice to the movant. This appears to be the general rule throughout the country (see Annotations, 38 A.L.R.2d 624, and 63 A.L.R. 2d 1061) * * *

" * * * We are mindful of the heavy responsibility placed on the trial court to maintain the statutory right which parties have to a full and truthful disclosure by jurors on voir dire. However, we must also be aware of inadvertent concealment and failure to recollect on the part of prospective jurors.

"To reemphasize, we say that we will review the trial court's ruling on motion for new trial predicated on jurors' improper answers to (or failure to answer) questions propounded on voir dire only for abuse of discretion in its determination as to probable prejudice.

"As to the effect of an improper answer, or failure to answer, questions on voir dire, which had they been answered properly would have disclosed a challenge for cause, we offer no. opinion. since this issue was not raised in this case * * * *."

In accordance with the above, we would find no abuse of discretion by the trial court in denying appellant's motion for new trial in this case on such ground.

Reversed and remanded.