After Return to the Remand

LEIGH M. CLARK, Retired Circuit Judge.
A judgment convicting this appellant of murder in the first degree and sentencing him to imprisonment for life was affirmed in Vaughn v. State, Ala.Cr.App., 347 So.2d 582 (1977). Thereafter, he filed in the trial court a petition for writ of error coram nobis. After a hearing on said petition, in which evidence was presented, the petition was denied. On appeal to this court, as heretofore shown in the report of this case, there was an affirmance without an opinion, as to which the Supreme Court of Alabama granted certiorari and “reverse[d] and remand[ed] to the Court of Criminal Appeals for remand with instructions to the trial Court to grant a hearing on the merits of Petitioner’s claim.”
The Supreme Court made it clear in its opinion that the trial court should not have *98 dismissed portions of the petition for writ of error coram nobis to the effect that one of the jurors returning the verdict in the case was related to the murder victim by-consanguinity within the proscribed ninth degree (Code of Alabama 1975, § 12-16-150(4)), and that petitioner was entitled to a hearing, and should be given a hearing, on that issue. In compliance with the order of this court pursuant to the judgment of the Supreme Court, remanding the cause to the trial court for further hearing, the trial court has conducted another hearing, at which petitioner and his attorney were present, as shown by the trial court’s recent return to remand, which includes the order of the trial court of March 7, 1980, in part, as follows:
“Without extensive comment on the evidence it was clear from the evidence that the juror, namely, Carrie Copeland, was totally unaware of any kinship, relationship or otherwise to the deceased, Will Starks at the time of the petitioner’s trial. Further the evidence was clear from the testimony of the said Carrie Copeland that her relationship with the deceased, Will Starks was some fourth or fifth cousin at best. Further, it was clear from the evidence that the juror, Carrie Copeland was unaware of any kinship or relationship to the deceased, Will Starks until the attorney for petitioner, namely, Bill Hammond telephoned her at home and advising her of some possible kinship. It was further clear from the evidence that the attorney representing petitioner at his original murder trial, namely, attorney Carey Dozier knew of no relationship or kinship of any of the jurors, including Carrie Copeland to the deceased, Will Starks. It was further clear from the evidence that the petitioner, namely, Listle L. Vaughn did not know of any kinship or relationship of any juror including Carrie Copeland to the deceased at the time of the petitioner’s original murder trial.
“It is THEREFORE ORDERED, ADJUDGED AND DECREED by the court as follows:
“1. That the petitioner’s Writ of Error Coram Nobis is due to be DENIED both separately and severally as to any and all paragraphs of the original petition as well as any amendment thereto.”
We have reviewed the transcript of the evidence and other proceedings upon the last hearing of the petition for writ of error coram nobis and conclude therefrom that the trial court was correct in its determination as to the relationship between the named juror and the named deceased, Will Starks, and that she was totally unaware of any kinship or relationship to said deceased until she was informed thereof by an attorney for appellant long after the trial.
Although it appears that the named juror was probably related by consanguinity to the named murder victim within the ninth degree, which subjected her to a challenge for cause, the evidence is clear and convincing that such fact could not have had any influence whatever upon the juror in the trial of the case, as she could not have been influenced by any fact of which she was totally unaware. No prejudice to the defendant is to be found in that fact or in the unwitting failure of the juror to reveal it. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). We repeat and apply what was stated by Judge Tyson in Smithson v. State, Ala.Cr.App., 278 So.2d 766, 769 (1973):
“It is clear from the findings of the trial court that the witness Royer and the juror Royer were distantly related, and that neither was certain of their relationship. Further, they had not seen each other for several years and had never discussed the case at bar. It is also clear that the juror Royer did not recognize the witness Royer until he was actually seated in the witness stand, and this was why he did not respond at the time the question was asked, ‘Did he know.’ We are of the opinion that the finding by the trial judge in the case at bar properly applies the standard of Freeman v. Hall, supra, and that such finding is supported by the evidence in this cause. We therefore hold that there was no abuse of discretion by the trial court in denying appellant’s mo *99 tion for new trial on the basis of the failure to answer on the part of the juror, Raymond T. Royer. Cooper v. Magic City Trucking Service, Inc., 288 Ala. 585, 264 So.2d 146; Bruno's Food Stores, Inc. v. Burnett, 288 Ala. 222, 259 So.2d 250; Harris v. Whitehead, 46 Ala.App. 516, 244 So.2d 603; Edwards v. State, 28 Ala.App. 409, 186 So. 582.”
The trial court was correct in denying the petition for writ of error coram nobis. Its judgment should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.