The plaintiffs below, Shelia Holly and Leroy Holly, appeal from the trial court's order granting a motion for a new trial filed by the defendants below, Huntsville Hospital and Dr. John Edward Markushewski. We affirm.
 I. Facts and Procedural History
On October 6, 1997, Shelia Holly took the Hollys' 11-month-old child, Cameron, to the emergency room at Huntsville Hospital; the child had a fever and a high pulse rate and he was having trouble breathing. Dr. Markushewski observed Cameron for three hours, wrote a prescription for him, and discharged him. Shortly after he was discharged, Cameron went into respiratory arrest and then cardiac arrest. He was transported back to the hospital, where he was pronounced dead.
The Hollys sued Dr. Markushewski and the hospital in the Madison Circuit Court. The jury returned a verdict for the defendants, and the Hollys appealed. This Court reversed the judgment entered on the jury's verdict because the trial court had improperly excluded the testimony of the Hollys' expert witness regarding the applicable standard of care. Holly v.Huntsville Hosp., 865 So.2d 1177 (Ala. 2003). After another trial, the jury returned a verdict in favor of the Hollys. The defendants filed a motion for a new trial, which the trial court granted, and the Hollys appealed. *Page 162 
On appeal, the dispositive issue is whether the trial court acted within its discretion in granting the defendants' motion for a new trial based on their argument that one of the jurors failed to answer a question on voir dire. The question dealt with whether any of the prospective jurors had had any disputes with Huntsville Hospital and was posed as follows:
 "Anybody else that has had any difficulty where you were not satisfied with the service there at Huntsville Hospital? I think I'll just ask a broad question, how about any of you that have had family members that were treated at Huntsville Hospital as in-patients or as out-patients in the emergency department, any of you that have had anything other than a completely satisfactory experience or you know of some family member who has not had that completely satisfactory experience? Now we're excluding the food, okay. How about it? Anybody? Have any of you ever had a dispute with Huntsville Hospital about anything, a bill, a statement or anything about it? You had any dispute with them about anything?"
(Emphasis added.) One of the jurors who did not respond to defense counsel's inquiry had been involved in what the defendants now describe as numerous "collection disputes" with Huntsville Hospital. At the hearing on the defendants' motion for a new trial, the director of patient accounting for Huntsville Hospital testified that, at the time of the trial, the juror had at least 10 delinquent accounts with Huntsville Hospital, totaling $1,268.51, and that the hospital, through various collection agencies, had sent a total of 39 letters and placed 13 telephone calls to the juror regarding his debts to Huntsville Hospital. On May 4, 2004, Huntsville Hospital sued the juror in the Madison District Court, seeking payment on seven of the juror's past-due accounts, although the juror did not receive notice of the filing of that action until at least May 12, the day the jury returned its verdict in favor of the Hollys in their medical-malpractice case against Huntsville Hospital and Dr. Markushewski.
 II. Standard of Review "While we agree . . . that a juror's silence during voir dire could be a basis for granting a new trial, we must stress that the initial decision on this issue is within the trial court's sound discretion. Hayes v. Boykin, 271 Ala. 588, 126 So.2d 91 (1960). Further, the trial court's decision on this matter will not be disturbed on appeal unless the appellant establishes that the decision was arbitrarily entered into or was clearly erroneous."
Carter v. Henderson, 598 So.2d 1350, 1354 (Ala. 1992).
 "The proper inquiry on a motion for a new trial based on improper or nonexistent responses to voir dire
questions is whether the response, or the lack of response, resulted in probable prejudice to the movant. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). Not every failure of a prospective juror to respond correctly to a voir dire question will entitle the losing party to a new trial. Wallace v. Campbell, 475 So.2d 521 (Ala. 1985).
 "The determination of whether the complaining party was prejudiced by a juror's failure to answer voir dire questions is a matter within the discretion of the trial court and will not be reversed unless the court has abused its discretion. Freeman, supra."
Union Mortgage Co. v. Barlow, 595 So.2d 1335, 1342 (Ala. 1992). Questions of law and the application of the law to the facts presented are to be reviewed de novo. *Page 163 Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala. 1996).
 III. Analysis A.
Initially, the Hollys argue that Huntsville Hospital waived its right to move for a new trial based on the juror's failure to answer the voir dire question regarding whether any prospective jurors had any disputes with Huntsville Hospital. They argue that agents of Huntsville Hospital had notice of the dispute between the hospital and the juror, and, therefore, through principles of agency law, Huntsville Hospital itself had notice of the dispute. They further contend that "[w]here a party has knowledge of facts which could justify the discharge of a juror, but fails to inform the court in a timely fashion, the party waives the issues." 50A C.J.S. Juries § 507 at 556 (1997).
The defendants, on the other hand, point out that regardless of whether knowledge of the dispute between Huntsville Hospital and the juror can be imputed to the hospital, Dr. Markushewski, who was a defendant below, had no knowledge of that dispute. According to the defendants, because the liability of Huntsville Hospital is based on Dr. Markushewski's actions, if the doctor is entitled to a new trial based on the juror's failure to answer the question posed during voir dire, then so is Huntsville Hospital, a point the Hollys concede.
The Hollys do not make any argument in their initial brief on appeal regarding any waiver by Dr. Markushewski of his right to assert the juror's failure to disclose the dispute between him and Huntsville Hospital as a basis for a new trial. In their reply brief, the Hollys argue that Dr. Markushewski did not have "standing" to assert the failure of the juror to respond to the voir dire question. In reality, this "standing" argument is simply an attempt to show that Dr. Markushewski was not prejudiced by the juror's failure to respond; it has no relevance to a possible waiver by Dr. Markushewski based on knowledge he may have had of the dispute between the juror and Huntsville Hospital. We address below the Hollys' argument that the failure of the juror to respond to the question did not prejudice the defendants.
The Hollys also argue in their reply brief that, because both Huntsville Hospital and Dr. Markushewski were represented by the same trial counsel, Dr. Markushewski is bound by counsel's alleged waiver of the right to assert the issue regarding the juror's failure to disclose his dispute with Huntsville Hospital. The general rule is that "this Court does not address issues raised for the first time in a reply brief." Byrd v. Lamar,846 So.2d 334, 341 (Ala. 2002). However, we note that we disagree with the Hollys' contention. The Hollys' argument that Huntsville Hospital waived its right to assert in its motion for a new trial the failure of the juror to disclose during voir dire the existence of his dispute with Huntsville Hospital is based on Huntsville Hospital's knowledge of that dispute. The Hollys contend in their reply brief that "`[w]here [an] attorney is acting for several clients at the same time and in the same business . . . knowledge which the attorney acquires in the transaction may be imputed to all.'" (Quoting 7 Am.Jur.2dAttorneys at Law § 156 (1997)). However, the Hollys concede elsewhere in their reply brief that they "do not contend that [defense] counsel actually knew about [the juror's] hospital bill." We decline to consider whether Dr. Markushewski waived his right to assert the juror's failure to disclose the dispute between the juror and Huntsville Hospital absent a showing that either he *Page 164 
or his trial counsel had actual notice of that dispute.
Because Huntsville Hospital's liability is necessarily based on the liability, if any, of Dr. Markushewski, if the doctor is entitled to a new trial, so is Huntsville Hospital. Because we decline to hold that Dr. Markushewski waived his right to assert the juror's failure to disclose the existence of the dispute between the juror and Huntsville Hospital as grounds for a new trial, whether Huntsville Hospital waived its right is irrelevant.
 B.
The Hollys argue that the trial court exceeded its discretion in granting the defendants' motion for a new trial based on the juror's failure to respond to the question. They contend that the juror never disputed the fact that he had unpaid debts with Huntsville Hospital, and that therefore the juror's failure to respond to the voir dire question did not amount to a false answer. However, as noted above:
 "[T]he initial decision on this issue [whether to grant a new trial based on a juror's silence during voir dire] is within the trial court's sound discretion. . . . [T]he trial court's decision on this matter will not be disturbed on appeal unless the appellant establishes that the decision was arbitrarily entered into or was clearly erroneous."
Carter, 598 So.2d at 1354.
The relevant portion of the question propounded to the prospective jurors was: "Have any of you ever had a dispute with Huntsville Hospital about anything, a bill, a statement or anything about it? You had any dispute with them about anything?" Evidence presented in support of the defendants' motion for a new trial tended to show: 1) that the juror had 10 delinquent accounts with Huntsville Hospital, 2) that during a period of 5 years up until the date the trial began, a total of 39 collection letters had been sent to the juror, and 3) that during that same time period, 13 telephone calls had been placed to the juror in an attempt to collect on the unpaid accounts.[1] Based on the record before us, we cannot conclude that the trial court exceeded its discretion when it determined that the juror had a "dispute" with Huntsville Hospital and that therefore the juror should have responded when the question was asked. Cf.Conference America, Inc. v. Telecommunications Coop. Network,Inc., 885 So.2d 772 (Ala. 2003) (holding that a question, asked during voir dire, whether any juror had been involved in a "contract dispute" encompassed a collection action against a juror and holding that the trial court exceeded its discretion in denying a motion for a new trial based partly on the juror's failure to answer that question). We therefore decline to reverse the trial court's order granting a new trial based on the Hollys' argument that the juror, under the circumstances here presented, was not obliged to respond to the question.
 C.
As noted above, "[t]he proper inquiry on a motion for a new trial based on improper or nonexistent responses to voir dire questions is whether the response, or the lack of response, resulted in probable prejudice to the movant." Union MortgageCo., 595 So.2d at 1342. "The question of prejudice is a determination to be made within the trial court's discretion." *Page 165 Colbert County-Northwest Alabama Healthcare Auth. v. Nix,678 So.2d 719, 722 (Ala. 1995). The Hollys argue that the trial court exceeded its discretion in determining that probable prejudice resulted from the juror's failure to disclose in response to a voir dire question that he had had disputes with Huntsville Hospital.
 "Some of the factors that this Court has approved for using to determine whether there was probable prejudice include: `temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.' Freeman
[v. Hall], 286 Ala. [161] at 167, 238 So.2d [330] at 336 [(1970)]."
Union Mortgage Co., 595 So.2d at 1342-43.
As far as the "temporal remoteness of the matter inquired about," the defendants point out that collection attempts on the juror's account with Huntsville Hospital began five years before the trial in the medical-malpractice action and were continuing at the time of trial. As for the second consideration, the ambiguous nature of the question, the defendants contend that the question propounded to the prospective jurors was not so ambiguous as to excuse the juror's failure to respond. As noted, defense counsel asked if any of the jurors had "a dispute with Huntsville Hospital about anything, a bill, a statement or anything about it." We agree with the defendants that the trial court acted within its discretion in determining that the question was not so ambiguous and that the billing dispute was not so temporally remote as to excuse the juror's failure to respond. Cf. Conference America, Inc., supra.
The third factor that may be considered in determining whether a juror's failure to answer a voir dire question probably resulted in prejudice is the juror's inadvertence or willfulness in falsifying or failing to answer. The Hollys contend that because the meaning of "dispute" is open to interpretation, and because the juror did not consider his dealings with Huntsville Hospital to constitute a "dispute," the juror did not willfully mislead the defendants by effectively answering the question in the negative.
The Hollys concede that the juror admitted receiving collection letters from Huntsville Hospital. They therefore cannot argue that the juror was unaware of Huntsville Hospital's attempts to collect on the juror's unpaid accounts and that therefore the juror inadvertently failed to disclose the dispute during voir dire. Further, because the dispute between the juror and Huntsville Hospital was ongoing at the time of the trial in the medical-malpractice action, and because we agree with the defendants that the trial court acted within its discretion in determining that the question was not so ambiguous as to excuse the juror's failure to respond, we also agree that the trial court acted within its discretion by rejecting mere inadvertence as an explanation for the juror's failure to answer and concluding that the juror did not simply fail to recollect the existence of the dispute or in concluding that the juror acted willfully in failing to respond to the question.
Finally, the last factor to consider in determining whether a failure to respond to a question on voir dire probably prejudiced the party moving for a new trial is the materiality of the matter inquired about. This Court has stated that "information sought on voir dire is material if the questioning attorney considers it important in making the decision to excuse a prospective juror."Gold Kist, Inc. v. Brown, 495 So.2d 540, 546 (Ala. 1986). The *Page 166 
materiality of a juror's ongoing collection dispute with Huntsville Hospital, which will be held liable if a verdict is returned against Dr. Markushewski, requires no elaboration. Therefore, we conclude that the trial court acted within its discretion in determining that the matter inquired about was material. See Conference America, Inc., supra; ColbertCounty-Northwest Alabama Healthcare Auth., supra (holding that the trial court did not exceed its discretion in granting a new trial where the evidence showed that one juror failed to reveal that her brother had been represented by an attorney in the law firm that represented one of the defendants and another juror failed to reveal that her sister had previously been employed by a hospital, one of the defendants); Gold Kist, Inc., supra (affirming the trial court's order granting a new trial where, in an automobile-accident case involving a large truck, evidence showed that one juror failed to reveal that he had worked as a truck driver).
 IV. Conclusion
We cannot say that the trial court exceeded its discretion in granting the motion for a new trial filed by Huntsville Hospital and Dr. Markushewski; therefore, the judgment is affirmed.
AFFIRMED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] As previously noted, the evidence also showed that Huntsville Hospital had commenced a collection action against the juror. However, the evidence showed that the juror was not served with notice of that action until the day the jury returned its verdict in the medical-malpractice case.