MAIN, Justice
(dissenting).
As the main opinion correctly discusses, this Court has held that the applicable standard of review is whether the trial *338 court exceeded its considerable discretion. Indeed, in Holly v. Huntsville Hospital, 925 So.2d 160, 162-63 (Ala.2005), this Court stated:
“ ‘While we agree ... that a juror’s silence during voir dire could be a basis for granting a new trial, we must stress that the initial decision on this issue is within the trial court’s sound discretion. Hayes v. Boykin, 271 Ala. 588, 126 So.2d 91 (1960). Further, the trial court’s decision on this matter will not be disturbed on appeal unless the appellant establishes that the decision was arbitrarily entered into or was clearly envneous.’
“Carter v. Henderson, 598 So.2d 1350, 1354 (Ala.1992).
“ ‘The proper inquiry on a motion for a new trial based on improper or nonexistent responses to voir dire questions is whether the response, or the .lack of response, resulted in probable prejudice to the movant. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). Not every failure of a prospective juror to respond correctly to a voir dire question will entitle the losing party to a new trial. Wallace v. Campbell, 475 So.2d 521 (Ala.1985).
“ ‘The determination of whether the complaining party was prejudiced by a juror’s failure to answer voir dire questions is a matter within the discretion of the trial court and will not be reversed unless the court has [exceeded] its discretion. Freeman, supra.’
“Union Mortgage Co. v. Barlow, 595 So.2d 1335, 1342 (Ala.1992). Questions of law and the application of the law to the facts presented are to be reviewed de novo. Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996).”
(Emphasis added.)
The trial court conducted a hearing on the estate’s motion for a new trial. After taking evidence and hearing the argument of the parties, the trial court entered a thorough and detailed written order granting the motion. As quoted in the main opinion, the trial court’s order included an extensive explanation of the factors relevant to a determination of whether a juror’s silence during voir dire resulted in probable prejudice to the movant.
The main opinion disagrees with the trial court as to the factors of “ambiguity of the question propounded,” the “materiality of the matter inquired about,” and “the prospective juror’s inadvertence or willfulness in falsifying or failing to answer.” The main opinion also, albeit briefly in note 2, disagrees with the trial court as to the issue of the “temporal remoteness of the matter inquired about.” 127 So.3d at 336 n. 2. The main opinion reverses the trial court’s judgment. However, guided by the applicable standard of review, I cannot reach that same conclusion based on the record before the Court.
The first factor set out in Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970), for determining whether a juror’s silence has resulted in probable prejudice to the movant is the “temporal remoteness of the matter inquired about.” 286 Ala. at 167, 238 So.2d at 336. The trial occurred in October 2009. The first collection action against Juror J.S. was filed in December 2007; she consented to a judgment in September 2008. A process of garnishment was begun against her in November 2009, after the conclusion of the trial in this case. The second collection action was filed against Juror J.S. in August 2008; a default judgment was entered against her in October 2008. In determining that the
*339 matters were not temporally remote, the trial court relied on Holly v. Huntsville Hospital, supra, a medical-malpractice action against Huntsville Hospital and others. In Holly, the relevant question was: “ ‘Have any of you ever had a dispute with Huntsville Hospital about anything, a bill, a statement or anything about it? You had any dispute with them about anything?’ ” 925 So.2d at 164. The juror who stayed silent had 10 delinquent accounts with Huntsville Hospital and had received numerous collection letters and telephone calls during the 5-year period preceding the trial in which he was a member of the jury venire. This Court concluded that, under the circumstances presented, “the trial court acted within its discretion in determining ... that the billing dispute was not so temporally remote as to excuse the juror’s failure to respond.” 925 So.2d at 165. The trial court found that the lawsuits about which Juror J.S. failed to respond were in no way temporally remote and concluded that this factor weighed in favor of finding probable prejudice to the estate. The trial court’s finding is supported by the record before this Court, and I cannot say that the trial court exceeded its discretion as to this factor.
The next Freeman factor is “the ambiguity of the question propounded.” 286 Ala. at 167, 238 So.2d at 336. The voir dire question at issue here was: “How many of you have ever been defendants in a lawsuit? Had somebody sue you for personal injuries? And I’m not talking about a case like this. It could have been a car wreck.” Counsel for the estate then asked the prospective jurors to stand and say his or her name when responding to the questions he asked. Juror D.O. stood and responded that his company had been a defendant in a lawsuit, but Juror J.S. did not stand or respond. Juror D.O. and the estate’s counsel then engaged in a dialogue about the nature of the action against Juror D.O.’s company and whether Juror D.O. would be prejudiced in favor of Hood because his company had been a defendant. In determining that the question was not ambiguous, the trial court relied on Colbert County-Northwest Alabama Healthcare Authority v. Nix, 678 So.2d 719 (Ala.1995), in which the prospective jurors were asked: “‘Have any of you ever been a defendant in a lawsuit, that is, the person against whom the suit is brought for personal injury or property damage or money damage[ ]?’ ” 678 So.2d at 720. The prospective jurors were also asked the same question about their family members. Two members of the jury veni-re who should have responded affirmatively to these questions did not respond at all. In Nix, this Court concluded that the voir dire questions were not ambiguous and affirmed the trial court’s order granting a new trial. Although the main opinion attempts to distinguish the facts in Nix from the facts in the present case, I find it to be a distinction without a difference based on a review of the principles discussed in Nix.
In concluding that the question posed in the present case was ambiguous, the main opinion minimizes the impact of any gap in time between the first and second questions (“How many of you have ever been defendants in a lawsuit? Had somebody sue you for personal injuries?”). The main opinion interprets the second question as an “apparently explanatory companion question” followed by the lone example of a suit involving “a car wreck.” 127 So.3d at 333. Certainly, that is one plausible interpretation of the sequence of the questions. However, the question is not whether the appellate court can come up with an alternative explanation to reach a conclusion different from the conclusion reached by the trial court. Rather, our review in this case is to determine whether the trial court exceeded its discretion in *340 ruling as it did. As the Nix Court noted, one reason an appellate court reviews for an excess of discretion an order granting or denying a new trial predicated on a juror’s answers or failures to answer during voir dire questioning is that the trial court was present during the voir dire process:
“The trial court was able to observe the mannerisms, inflections in voice, and other characteristics of the jurors whose answers were at issue — in other words, things that could reflect upon the jurors’ credibility but that are beyond this Court’s inherently limited ability to review by appellate transcript — and it found that the Nixes were probably prejudiced by the failure of those jurors to properly respond to the voir dire questioning.”
678 So.2d at 723. In the present case, the trial court stated in its order:
“This Court was present when the voir dire examination took place. The Court observed the lawyers for both parties during their respective questions to the jurors on voir dire. The Court heard the tone of their voices and the time given between the questions that elicited answers from the jurors. There was nothing ambiguous or unclear about the question posed by [the estate’s] lawyers to the jurors in this case regarding whether they had ever been a defendant in a lawsuit. This factor weighs in favor of a finding of probable prejudice.”
Because I was not present during voir dire, I have no basis on which to dispute the trial court’s findings. The paper transcript does not provide any indication as to inflections in counsel’s voices during voir dire, nor does it describe the length of time, or lack thereof, between the questions posed.[3] Thus, I cannot say that the trial court exceeded its discretion as to this factor.
The next Freeman factor is “the prospective juror’s inadvertence or willfulness in falsifying or failing to answer.” 286 Ala. at 167, 288 So.2d at 336. The trial court cited Gold Kist, Inc. v. Broum, 495 So.2d 540, 545 (Ala.1986), in which this Court recognized that it could not see into the mind of a juror, but quoted with approval the trial court’s order, stating “ ‘that it can be inferred from ... circumstantial evidence that [the juror’s] failure to fully answer the question was not inadvertent or the result of [the juror’s] failure to recollect.’ ” The trial court here found that the approximately two years that had elapsed between the collection actions against Juror J.S. and this trial negated any reasonable inference that her failure to answer the question was inadvertent and concluded that this factor weighed in favor of a finding of probable prejudice to the estate. The trial court also noted that the 2007 judgment against Juror J.S. was a consent judgment. Because I have concluded that the trial court acted within its discretion in finding that the collection actions against Juror J.S. were not temporally remote and that the question was not ambiguous, I cannot say that the trial court exceeded its discretion as to this factor by concluding that Juror J.S. did not simply fail to recall the existence of the two collection actions against her.
Premised on its determination that the question was ambiguous and immaterial, the main opinion finds “little or no basis for inferring that Juror J.S. knowingly and willfully violated her oath,” 127 So.3d at 336, by failing to disclose the collection actions against her. However, because I find no basis to hold that the trial court’s *341 determination that the questioning was not ambiguous and was indeed material is incorrect, my review is guided accordingly. As to this factor, the trial court stated in its order:
“Another prejudice factor suggests examining the possibility of ‘inadvertence or willfulness’ in a prospective juror’s failure to disclose certain information. Freeman, [286 Ala. at 167,] 288 So.2d at 386. In Gold Kist, Inc. v. Brown, 495 So.2d 540, 544 (Ala.1986), the Court recognized that an attempt to peer into the mind of a juror would be futile but explained ‘that it can be inferred from such circumstantial evidence that [the juror’s] failure to fully answer the question was not inadvertent or the result of [the juror’s] failure to recollect.’ The fact that less than two years had lapsed between the filing of the first lawsuit and her jury service in this case negates any reasonable inference that Juror J.S.’s failure to remember was mere inadvertence. Also, the judgment in the 2007 case was a consent judgment. This factor weighs in favor of a finding of probable prejudice.”
I cannot say that the trial court exceeded its discretion as to this factor by rejecting mere inadvertence or the failure to recollect as an explanation for Juror J.S.’s failure to answer the voir dire question. See Holly, 925 So.2d at 165.
Finally, I turn to the final Freeman factor, “the materiality of the matter inquired about.” 286 Ala. at 167, 238 So.2d at 336. The trial court again relied on Gold Kist, in which this Court concluded that if counsel conducting questioning on voir dire considers the information sought to be important in deciding whether to excuse a potential juror, then the information is material. 495 So.2d at 545-46. The estate’s counsel did not testify or submit an affidavit to the trial court, but when the trial court asked whether the estate struck “every person who indicated they had been sued” replied:
“Yes, sir, we did, and we struck — one person indicated he had been sued, and that was Juror [D.O.], and he was our number one strike.
“... [S]o the bottom line, Judge, is we would have struck her. Because of her failure to answer, we were denied the right to exercise the [peremptory] strike wisely that we had.”
This Court elaborated on the materiality of the information withheld by a potential juror and the probable prejudice factor in Ex parte Dobyne, 805 So.2d 763, 772-73 (Ala.2001):
“The form of prejudice that would entitle a party to relief for a juror’s nondisclosure or falsification in voir dire would be its effect, if any, to cause the party to forgo challenging the juror for cause or exercising a peremptory challenge to strike the juror. Ex parte Ledbetter, 404 So.2d 731 (Ala.1981); Warrick v. State, 460 So.2d 320 (Ala.Crim.App. 1984); and Leach v. State, 31 Ala.App. 390, 18 So.2d 285 (1944). If the party establishes that the juror’s disclosure of the truth would have caused the party either to (successfully) challenge the juror for cause or to exercise a peremptory challenge to strike the juror, then the party has made a prima facie showing of prejudice. Id. Such prejudice can be established by the obvious tendency of the true facts to bias the juror, as in Ledbetter, supra, or by direct testimony of trial counsel that the true facts would have prompted a challenge against the juror, as in State v. Freeman, 605 So.2d 1258 (Ala.Crim.App.1992).”
The trial court found that even though the actions against Juror J.S. were collection actions in small-claims court, a prospective *342 juror’s having been a defendant in any type of court action was information that was of profound importance and materiality to the estate and was a significant factor in a lawyer’s decision to use a peremptory strike. The trial court also cited Nix, in which this Court agreed with a trial court’s conclusion that it “was materially important to the plaintiff whether or not a juror or her immediate family had been a defendant in a lawsuit.” 678 So.2d at 722-23. The trial court noted that it had considered the representation by counsel for the estate that she would have used a peremptory strike to remove Juror J.S. from the jury if she had known Juror J.S. had ever been a defendant and found it to be significant that counsel used her first peremptory strike to remove Juror D.O., the only juror who answered that he had been a defendant in a lawsuit. The trial court concluded that this factor weighed in favor of a finding of probable prejudice to the estate. I cannot say that the trial court exceeded its discretion by concluding that the information Juror J.S. failed to reveal was material. See Holly, 925 So.2d at 165-66.
In its conclusion the main opinion states:
“Trials are significant undertakings. They almost invariably involve a significant investment of judicial resources and significant emotional, financial, and temporal investments on the part of the parties, attorneys, and witnesses. No trial is perfect. In the interest of achieving an appropriate measure of efficacy and finality in our system of dispute resolution, we cannot insist upon the elimination of all flaws. The question whether the ‘process’ afforded is the process that is ‘due’ can be answered in the affirmative where the flaws complained of cannot be considered to have unduly or materially impeded the search for the truth and a just result.”
127 So.3d at 336. I agree. That much is obvious from the nature of the issues presented to this Court and the contents of the written trial transcripts in nearly every case before us on appeal — which is, in part, why a trial court’s discretion is so great in questions that are not patently clear from the flat, monotone typeset of a written transcript.
The trial court heard the pace and tempo of the questions posed on voir dire and concluded that the question of whether any prospective juror had been a defendant in a lawsuit was not ambiguous, that the information sought by the question was material, and that the prospective juror’s failure to answer was not based on inadvertence or the temporal remoteness of the previous lawsuits in which she had been a defendant. Based on the trial court’s observations and conclusions as to those factors, the trial court concluded that there had been probable prejudice to the estate. The trial court made such a finding in the face of the “significant investment of judicial resources and significant emotional, financial, and temporal investments on the part of the parties, attorneys, and witnesses.” 127 So.3d at 336. Because the record supports the trial court’s findings, I cannot say that the trial court exceeded its considerable discretion in ordering a new trial. It has long been this Court’s practice to review orders granting or denying a motion for a new trial based on a juror’s nonresponsiveness or improper answers during voir dire only for an excess of discretion grounded upon a trial court’s decision being arbitrary or in clear error. See Nix, 678 So.2d at 723-24 (Houston, J., concurring specially), and cases cited therein. As this Court stated in Freeman:
“This rule comports with logic and common sense. The trial judge heard the questions posed on voir due and *343 answers thereto. He is in the best position to make findings on the question of probable prejudice after the testimony is developed orally, or by affidavit, on new trial motion. His conclusions are then subject to our review for abuse of discretion.”
286 Ala. at 167, 238 So.2d at 335. The trial court did not exceed its discretion in this case in granting the estate’s motion for a new trial. Its order was neither arbitrarily entered nor clearly erroneous. Therefore, because I would affirm the trial court’s order granting the motion for a new trial, I respectfully dissent.
MALONE, C.J., and WOODALL and PARKER, JJ., concur.

. However, it may be inferred from the trial court's order that there was a pause between the questions because the trial court refers only to the first question in its order.